## McGaughey Brothers *vs.* Latham.

63 67
61 339

63 67
113 396
f 113 766
113 767
63 67
126 164

1. Creating a debt, or parting with its consideration in the act of creating it, on the faith of a collateral promise by a third person to stand good for its payment, is not such performance or part performance by the creditor as will render the collateral promise obligatory without a writing duly signed. Nor is a part payment of the debt by the collateral promissor such a part performance as will dispense with the writing.
2. The action being against two persons jointly, a judgment on demurrer dismissing it as to one of the defendants, is final in its nature, and may be brought to the supreme court by the plaintiff whilst the case is still pending below as to the other defendant. The other defendant is not a necessary party to the writ of error, and need not be served with the bill of exceptions.

Contracts. Statute of frauds. Practice in the Supreme Court. Before Judge Clark. City Court of Atlanta. December Term, 1878.

McGaughey Bros. brought complaint against Battle and Latham on an account which was headed as follows:

"John C. Battle, Jas. M. Latham, security, in account with McGaughey Bros."

Then followed numerous debits and credits, the former aggregating $545.76, and the latter $311.71, leaving balance due of $234.05.

The declaration alleged that the goods specified in the bill of particulars were sold to Battle solely upon the faith of an express promise previously made by Latham, that he would "stand good" for the payment thereof. To this action a demurrer was filed by Latham which was sustained by the court. Before the judgment was finally entered, the plaintiffs amended by alleging the following facts:

The goods were all sold in performance by plaintiffs of their part of the contract. Latham was present when a greater part of said goods were sold and delivered to Battle, and actually participated in said purchase. Afterwards, he, Latham, on May 9, 1877, paid part of the purchase money for the same, to wit: $25.00, by delivering to plaintiffs a

pair of scales. He had due notice of each and all of said sales. Plaintiffs, in making the sales, relied upon his promise to pay for them, which was made on October 6, 1876. Battle was then, and is still, insolvent, and plaintiffs had expressly refused to sell him goods on his own credit, and only agreed to do so, and did so, on the faith of the promise of Latham to stand as security for the same.

To the declaration as amended, Latham again demurred. The court dismissed the action as to him, and the plaintiffs excepted.

When the case was called in this court, counsel for defendant moved to dismiss the writ of error because prematurely brought, and because the co-defendant below was not a party here, nor served with the writ. The action as against the latter was still pending in the court below. The motion was overruled, the principle covered by the second head-note being announced.

F. A. ARNOLD; E. N. BROYLES, for plaintiffs in error, cited, acts of 1853-4, 58; Code, §1951, par. 3; 53 *Ga.*, 353, 665, and distinguished 54 *Ga.*, 681.

HOPKINS & GLENN: J. T. PENDLETON, for defendant.

BLECKLEY, Justice.

1. Battle is sued as well as Latham. The declaration does not allege that the sale of the goods was made to them jointly, but that the goods were sold to Battle, solely upon the faith of an express promise previously made by Latham that he would stand good for the payment. No consideration is mentioned as moving directly to Latham for this promise. A fair construction of the declaration would be, that Battle, wishing to purchase goods from the plaintiffs on his own account, and thereby to become their debtor, had with them no such standing or credit as would enable him to succeed, and that Latham came to his support, and upon his express promise to stand good for the payment, the

plaintiffs sold the goods to Battle, accepted him as their debtor, and trusted for a discharge of the debt to the promise of Latham. The legal effect was to make Battle the primary debtor, and Latham no more than a guarantor. Throop on V. A., §§198, 199, 205 ; DeColyer Guar., 112 *et seq.* The Code, in §1950, enumerates the various obligations which, to be binding, must be in writing, and signed by the party to be charged, or some person by him lawfully authorized. Among these is " a promise to answer for the debt, default or miscarriage of another." The next section excepts cases in which the contract has been fully executed, or where there has been performance on one side, accepted by the other in accordance with the contract, or where there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel a performance. The promise of Latham is not alleged to have been in writing, and that is the point of the demurrer to the declaration. There is no objection to the mode of defense, and if there was, under the present Georgia practice the objection would not prevail. The demurrer is met, first, by the proposition that there has been performance on the side of the plaintiffs, in that they have parted with their goods on the faith of Latham's promise to stand good for the payment. It is said that this is either to be regarded as a full execution of the contract on their behalf, or such part performance as would render it a fraud in Latham not to comply with his undertaking, Battle being insolvent. But if there were two contracts, one with Battle for the sale of the goods, and the other with Latham in respect to answering for Battle's debt, the delivery of the goods to Battle was in execution of the contract of sale, and was a part of the *res gestæ* of creating the debt. The acceptance of the goods was by Battle, not by Latham. The true consideration of the collateral contract with Latham was the incurring of the risk of dealing with Battle on a credit, and of accepting him as a debtor. The moment that the debt arose, this risk was incurred, and

as the debt was from time to time augmented, the risk was simultaneously carried up to the increased amount. Regarding the actual incurring of the risk as the performance or the part performance contemplated by the Code, there would be no case in which a parol promise to answer for the debt of another would not be obligatory so that the promise was made before the creation of the debt, and acted upon in extending the credit involved in its creation. Such a construction of the Code would throw open to mere parol evidence all that numerous class of guaranties which look to prospective indebtedness, and thus work a stupendous change in the prior law as embodied in the English statute of frauds. If the collateral promise is to be binding simply because the credit has been extended on the faith of it, and because the creditor, trusting to the promise, has put himself in a situation to be injured if it is not performed, then oral contracts of guaranty are as obligatory as written ones, in perhaps a large majority of the actual cases which arise in business, and the statute of frauds, in one of its most important features, is wiped out. We cannot think the Code intends so sweeping a change in the law, and we decline to adopt a construction from which, if followed out consistently, the change would inevitably result. It would be very idle to interpret the Code as saying, in effect, "a parol promise to answer for the future debt of another is not obligatory unless the debt shall be created, in which event it is obligatory."

Another answer urged to the demurrer is, that there was part performance, by the collateral promissor, in that he paid a part of the debt. This, however, was beneficial to the creditors, and we can see no principle on which it committed him to pay the balance. As he was not legally bound to pay any portion of the debt, the voluntary payment of some of it furnished no basis for enforcing payment of the residue. No fraud was committed by the partial payment, but the whole operation of that act was in a direction opposite to fraud. It would surely be bad logic

to say, that whoever, in pursuance of a void promise, voluntarily pays part of a debt, is thenceforth under a binding contract to pay the balance.

2. The motion to dismiss the writ of error was based, first, on the ground that the action is still pending in the court below. But the action brought was a joint action against two, and no such action is now pending in that court, the court having dismissed it as to one of the defendants on the demurrer which we have just discussed. The judgment of dismissal was final in its nature, and while it stood no further proceedings could be had below except against the other defendant. It is manifest that the case as a joint action was at an end, and that to reinstate it the plaintiffs were without remedy other than a writ of error. 53 *Ga.*, 442. The other ground of the motion to dismiss makes the question of proper parties. It was contended that both defendants in the court below should be defendants here, and that both should have been served with the bill of exceptions. The answer is, that only one of the defendants demurred to the declaration, and the judgment upon that demurrer is the sole subject-matter of the writ of error. The other defendant is thus no party to the controversy here, and were the plaintiffs in error to succeed in reversing the ruling which they complain of, his liability to them would not be enlarged. Their effort in this court is not to bind him, but to bind another with him, on the supposition that he is already bound.

Judgment affirmed.