MITCHELL *vs.* TOMLIN.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. Where it appears from the record that the case is still pending in the court below, the writ of error will be dismissed. (R).
2. A suggestion of diminution of the record must be on oath. (R).

Practice in the Supreme Court. September Term, 1879.

Reported in the opinion.

W. S. WALLACE; C. J. THORNTON, for plaintiff in error.

BLANDFORD & GARRARD, for defendant.

JACKSON, Justice.

A motion was made to dismiss this case on the ground that it was still pending in the court below, on a motion for a new trial, which had not been disposed of, the case before us being exceptions to the rulings of the court on the trial before the jury. Of course until the case is finally disposed of in the court below, it cannot be brought to this court, and the only question is, does the record show that it is still pending.

The following order and judgment appear in the transcript :

"R. S. TOMLIN
*vs.*
JOHN D. MITCHELL. } Verdict and judgment for plaintiff.

"The defendant having made a motion for a new trial in said case, on the grounds therein stated, and said grounds having been approved

by the court, and it appearing that it is impossible to make out and complete a brief of the testimony in said case before adjournment of court, it is considered and adjudged by the court that said motion stand continued until the 19th day of October, 1878, and that it be heard at chambers, and that defendant have until said day to make out and file a brief of testimony without prejudice."

"R. S. TOMLIN ⎱ Verdict and judgment for plaintiff, *vs.* ⎰ at October term, 1878, of Taylor JOHN D. MITCHELL. ⎰ superior court.

"The defendant being dissatisfied with the verdict and judgment in said case, comes, during said term of the court, and before the adjournment thereof, and moves the court for a new trial, upon the following grounds, to-wit:

1. Because the verdict of the jury is contrary to the evidence.

2. Because the verdict is contrary to the evidence and the principles of justice and equity.

3. Because the verdict is without evidence to support it.

4. Because the verdict of the jury is so far contrary to the evidence as to shock the moral sense.

"Whereupon he prays that these, his grounds for a new trial, be inquired of by the court, and that a new trial be granted him."

Signed by counsel and approved as correct grounds by the court, October 11th, 1878, signed Martin J. Crawford, J. S. C. C. C., and marked filed in office October 11th, 1878.

No further order appears concerning the motion. It seems therefore to be pending still in the superior court; it was pending then when this writ of error was sued out, and the record shows no disposition of it. Still pending, and not finally disposed of in that court, the case cannot be brought to this court. Code, §4250.

The writ of error must therefore be dismissed.

1. We are the less reluctant to dismiss it because an examination of the points excepted to shows that the judgment would not, in any event, have been reversed, the construction of the contract being right, in our judgment, and no error in the question of practice raised, or in the costs.

2. A suggestion of a diminution of the record was attempted, but counsel were unable to make oath that any part thereof was omitted, and this court has no power to make a new record for the court below.

Writ of error dismissed.