ZORN, JR., trustee, *et al. vs.* LAMAR *et al.**

1. It is not an open question here that, where a judgment below was consented to by the party complaining thereof, his writ of error will be dismissed.

2. Unless the judgment excepted to be final, or would have been final if ruled as desired by the excepting party, there can be no writ of error. While the case is pending below, it canno be brought here unless the judgment here would finally dispose of it as respects the plaintiff in error.

3. Therefore, where an equity cause against two joint defendants was referred to a master in chancery, and on exceptions to his report, was dismissed as to one of the defendants, but remained pending as to the other, this was not a final adjudication to which the complainants could except; and if complainants then consented to a dismissal of the case as to the remaining defendant, it was a voluntary judgment from which a bill of exceptions would not lie at their instance.

(a.) The refusal to dismiss as to a defendant may be ground of exception by him, because if ruled as he desired, the case would have been finally disposed of as to him; *aliter* as to a complainant who pursues two or more, and a dismissal is had as to one.

4. Parties cannot give premature jurisdiction to the Supreme Court by consenting to a final judgment in the court below.

5. A bill being filed to open a decree founded on a settlement or agreement in which a trustee either defr uded or colluded with his successor, and influenced him to get the consent of parties in interest, both were necessary parties, and a voluntary dismissal as to one would render it impossible to prosecute the case against the other.

6. The whole case being out of court, exceptions *pendente lite* cannot be filed.

October 18 1883.

*See next case following.

Practice in Supreme Court.   At September Term, 1883.

Reported in the decision.

A. D. HAMMOND; W. A. HAWKINS; J. P. FORT; HILL & HARRIS, for plaintiffs in error.

LANIER & ANDERSON; BACON & RUTHERFORD, for defendants.

JACKSON, Chief Justice.

A motion was made to dismiss this writ of error, on the ground that the plaintiffs in error consented to the final judgment which disposed of the case below, and thereby gave this court jurisdiction to review it. " *Consensus tollit errorem* " is a maxim as old as the civil law, and it has been applied to the common law from the times whereof the memory of man runneth not to the contrary; especially to causes brought by writ of error for review. This court has recognized and enforced it, and it is not an open question here that where a judgment below is consented to by the party complaining, his writ of error will be dismissed.   7 *Ga.*, 79, 227; 9 *Ib.*, 207; 33 *Ib.*, 205; 60 *Ib.*, 117; 64 *Ib.*, 446. These cases, some of them, go to the extent that the case will be dismissed, though a right to except were reserved, which is not done here.   Unless the judgment were final, or would have been final if the point had been ruled as desired by the plaintiff in error, there can be no writ of error here; or, in other words, while the case is pending below, it cannot be brought here, unless the judgment here would finally dispose of it as respects the plaintiff in error.   Code, §4250; 64 *Ga.*, 368, 430; 66 *Ib.*, 573; 68 *Ib.*, 463, 827, and numerous other cases.

The case of *Shealy vs. Toole et al.*, 66 *Ga.*, 573, is exactly in point. The bill was against two defendants and non-suit as to one. The complainant was plaintiff in error. It was held no final judgment, and the writ of error was dismissed.

Applying the principles ruled by this court on the two points above; first, that a party cannot except to what he voluntarily agrees to, and secondly, that as long as a defendant remains in the court below or other issues remain untried there, the case is pending there, and no final judgment has been had, so as to allow the complainant or plaintiff below to except otherwise than *pendente lite*, and we shall see that the result must be the dismissal of this writ of error.

The bill of exceptions shows that the court passed this order or judgment:

"The above stated case having been referred to the master to report, amongst other things, whether the plea filed by Henry J. Lamar to said bill be sustained or not, the same being a plea of *res adjudicata* by a former decree rendered by this court. The master having reported the facts upon said plea, and having found as his conclusion of law that the said plea be not sustained, and the said report coming before the court upon exceptions of law by H. J. Lamar to the master's report, alleging that the master erred in finding against the said plea, and the said question of law having been argued before the court, it is ordered and adjudged that the master erred in not sustaining said plea, and it is further ordered and adjudged that said plea be sustained."

And thereupon the court passed the following additional judgment:

"The plea of H. J. Lamar having been sustained by the court, it is ordered that the bill, so far as H. J. Lamar is concerned, be dismissed ; and it further appearing that no report has been made by the master as to the amount in the hands of Dewberry, by consent of complainant, the bill is dismissed as to him, without prejudice as to the rights of complainants to recover whatever may be in his hands."

It is too clear for serious argument, that when Lamar's plea was sustained and the case was dismissed as to him, the case was still pending as to Dewberry, the other party;

and therefore, up to that time no writ of error lay in favor of complainants, there having been no final disposition of the case. Voluntarily, then, and by and with the consent of complainants, the case was dismissed by the court as to Dewberry, and this consent judgment finally disposed of the case. From it, which was the final judgment, the complainants cannot come here; because they consented to it. From the other judgment, dismissing as to Lamar they cannot come here, because it was not final as to the case, nor would it have finally disposed of the case had the decision on the plea been reversed; for then the other issues would have remained for trial as to Lamar and Dewberry both. Had the court refused to sustain Lamar's plea and to dismiss the bill as to him, he could have brought the case here, because it would have finally disposed of the case as to him (68 *Ga.*, 463); but the complainant could not, because his case against Lamar and Dewberry, or either of them, would not have been finally disposed of, other issues remaining to be tried, especially as respects Lamar. 68 *Ga.*, 463.

So that it is clear that the case must be dismissed for these reasons.

But there is another reason. The party cannot precipitate the case here before final judgment, by consenting to have the case go out of court below. It would be to give this court jurisdiction prematurely and in opposition to law, by consenting to the judgment of the court below; that is by assigning as error that which the complainants agreed to, and which is no error as to them, on the same principle, that " *consensus tollit errorem.*"

And in this case there is yet another reason. The gravamen of the bill is fraud as to the two defendants, Lamar and Dewberry, it being to the effect that Lamar defrauded Dewberry. If not a bill of review, the bill attacks a decree for fraud. Lamar and Dewberry are parties to that decree, and must be joined in any proceeding to overrule

or set it aside. So that, when consent was given to dismiss as to Dewberry, the bill could not proceed as to Lamar, the other being a necessary party. The bill sought to open a decree, founded on a settlement or agreement, whereby the property was turned over by Lamar to Dewberry, as agent or trustee of the complainants, and seems to have proceeded on the idea that the old trustee, Lamar, got the better of Dewberry, the new trustee, in the agreement and the decree consequent thereon, and that Dewberry, influenced by Lamar, got complainants to consent to it. Both were parties to that decree. Both are necessary parties here, and the voluntary dismissal as to one rendered it inequitable and impossible to proceed against the other.

We cannot order the interlocutory or *pendente lite* exceptions to be filed now, because there is no case left below by the judgment consented to by the complainants whereon to rest an exception. The whole case is out, and nothing left on which to file an interlocutory exception.

From a cursory examination of the record, we incline to the opinion that the judgment of the court below on the plea of *res adjudicata* under the facts reported would probably have been affirmed had the case been heard on the merits; but the case is so voluminous that we cannot speak with any degree of certainty about it, and indeed are not at liberty to adjudicate, as the writ of error is dismissed, and with it this point. We merely mention it in passing, as causing us less reluctance in dismissing a case of some considerable consequence to the parties.

Writ of error dismissed.