DEADWYLER, administrator, *v.* BANK OF THE UNIVERSITY *et al.* (Three cases.)

1. Where a petition was brought against several defendants, and, upon separate demurrers filed by each of them save one, was dismissed as to those who demurred, the result was to leave the case pending as between the plaintiff and the sole remaining defendant. This being so, there was no adjudication finally disposing of the case which the plaintiff could directly bring to this court for review. While a refusal to dismiss as to one of the demurring defendants might have authorized him to sue out a writ of error, because the ruling sought by him would have been, so far as he was concerned, a final disposition of the case, this is not so as to the plaintiff, who proceeded against several, and there was not a dismissal as to all.

2. Even if the three bills of exceptions sued out in this case by the plaintiff below could be properly treated as the equivalent of a single one assigning error on all the rulings complained of, the result reached by dismissing the writs of error is the same as would have been arrived at by deciding upon their merits the questions presented; for the plaintiff's petition was clearly multifarious. It would therefore serve no valuable end to specially direct that these bills of exceptions be filed as exceptions pendente lite.

Argued March 13, — Decided April 9, 1900.

Equitable petition.   Before Judge Estes.   Jackson superior court.   February term, 1899.

*W. I. Pike* and *E. T. Brown,* for plaintiff.   *Erwin & Erwin, R. S. Howard,* and *John J. Strickland,* for defendants.

LEWIS, J.   Deadwyler, as administrator of the estate of White, brought in Jackson superior court an equitable petition against four defendants.   Three of them demurred, each filing a separate demurrer; and the court sustained these demurrers,

passing as to each a separate order. Thus the case was dismissed as to these three defendants. The remaining defendant did not demur. The plaintiff sued out and brought to this court three separate and distinct bills of exceptions, in each assigning error on one only of the above-mentioned orders. Without stopping to comment upon this manner of attempting to bring here for review the errors alleged to have been committed in passing all three of these orders, except to say that, under the decision of this court in *Marshall* v. *Livingston,* 77 *Ga.* 21, it does not seem proper, we are confident that, even if we could treat the three bills of exceptions as the equivalent of a single one assigning error on all the orders, the case is here prematurely, and we have, under the Civil Code, § 5526, no jurisdiction to entertain it. As to the plaintiff the case was not finally disposed of, but was left pending between him and the defendant who did not demur. The question in hand has been definitely and clearly settled in *Zorn* v. *Lamar,* 71 *Ga.* 80, in which it was held that the dismissal of a case as to one only of two defendants against whom it was brought "was not a final adjudication to which the complainants could except" by suing out a direct bill of exceptions to the Supreme Court. This particular ruling, as appears from the opinion of Chief Justice Jackson, was expressly based upon the proposition that the dismissal as to one defendant would leave the case still pending between the complainant and the other defendant. In that case it was further laid down that "The refusal to dismiss as to a defendant may be ground of exception by him, because, if ruled as he desired, the case would have been finally disposed of as to him; aliter as to a complainant who pursues two or more, and a dismissal is had as to one." We therefore have no alternative, except to dismiss these writs of error. Being, for the reason above stated, without jurisdiction in the premises, we can not properly pursue any other course.

It so happens, however, that giving the writs of error this direction is, in the present instance, a matter of no material consequence to the plaintiff in error; for upon a thorough examination of the record, we have reached the conclusion that the petition was clearly multifarious, and, therefore, not maintain-

able; hence the result reached by dismissing the writs of error is the same as would have been reached had they been disposed of upon their merits. For this reason the request of counsel that we direct that these bills of exceptions be filed as exceptions pendente lite is denied.

*Each writ of error dismissed. All the Justices concurring, except Cobb, J., who was disqualified.*