J. L. PRESCOTT ECKMAN v. ATLANTIC LODGE, No. 276,
B. P. O. E.

Argued February 24 and 25, 1902—Decided June 9, 1902.

1. Whether one who temporarily rents a building, which has been constructed for public uses, with the object of holding a public function therein, is chargeable with the duty of inspecting it for the purpose of ascertaining whether it is safe, *quære.*
2. Assuming such duty to exist, the liability of the temporary lessee to answer for injuries received by spectators or employes, resulting from defective construction or maintenance, is limited to such defects as an inspection would disclose; he is not responsible for an accident which is produced by a defect which is entirely latent.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and GARRETSON.

For the rule, *John W. Wescott.*

*Contra, Samuel A. Atkinson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    This is an action to recover damages for personal injuries.    The plaintiff was a member of a band employed by the defendant association to play at their annual meeting of 1895, which was held at the Baltic Avenue Casino, at Atlantic City.    During one of the sessions of the association the floor of the building where the meeting was held collapsed and the plaintiff, together with a large number of other people, was precipitated to the floor below, receiving the injuries for which he sues.    It is sought to hold the defendant liable upon the ground that the accident happened by reason of its failure to properly perform the duty which it owed the plaintiff of using reasonable care to see

that the building in which its meeting was held was in a safe condition.

A suit for injuries received through the same disaster was previously brought in this court by one Klapproth against the Baltic Pier and Pavilion Company, the owners of the building, and others, and a verdict in favor of the plaintiff was sustained. *Klapproth* v. *Baltic Pier, &c., Co.,* 43 *Atl. Rep.* 981.

The law seems to be settled that the owner of a building which has been constructed for public purposes holds out to the public by letting it for such purposes, that it is safe; and further, that the owner is bound to use reasonable care to see that it has been properly constructed and is maintained in a fit condition for the purposes for which it is used, and that he is responsible for injuries resulting from his failure in that regard which are received by persons who are present on public occasions, whether as spectators or as employes. *Francis* v. *Cockrell, L. R.;* 5 *Q. B.* 501; *Camp* v. *Wood,* 76 *N. Y.* 92. And it has been held that the liability of the owner extends to injuries received at public functions held under the auspices of one to whom he has temporarily let the building. *Fox* v. *Buffalo Park,* 21 *N. Y. App. Div.* 321; *S. C. on error,* 163 *N. Y.* 559.

It has been assumed in the present case that the duty of inspecting such a building in order to see that it is safe rests as well upon a person who hires it for the purpose of holding a public ceremony in it. Whether such a duty rests upon the temporary lessee of a building constructed and used for public purposes may be doubted, and the determination of this case does not require a decision of that question. Conceding that such duty exists, the liability of the temporary lessee to answer for injuries resulting from defective construction or maintenance must be limited to such defects as an inspection would disclose, and not extended to charge him with responsibility for an accident which is produced by a defect entirely latent; and the evidence submitted in this case strongly tends to the conclusion that the accident which caused the plaint-

iff's injury was due to a defect in one of the pilings upon which the building rested, which would not have been discovered even if the defendant had made an inspection. In the Klapproth case we refused, although with some hesitation, to set aside the verdict, considering that, upon the evidence then produced, it might fairly be concluded that a proper inspection would have shown the unsafe condition of the building. The evidence now submitted is much more persuasive than it was in the earlier case that an inspection would not have had that effect; in fact, the weight of the evidence is against such a conclusion.

The rule to show cause should be made absolute.