BURKHALTER et al. v. PEOPLES BANK.

No. 7023.   December 16, 1929.   Rehearing denied January 20, 1930.

W. T. Burkhalter, for plaintiffs.  J. T. Grice, for defendant.

Beck, P. J.   P. L. Burkhalter and others, as heirs at law of Jennie McManus, deceased, brought their petition against R. D. Easterling, administrator of the estate of Mrs. J. B. Waters, and against other named parties as sureties on the administrator's bond. It is alleged in part in the petition that the defendants are indebted to the plaintiffs in the sum of $19,972, "the same constituting the assets of the said estate unadministered by R. D. Easterling and not paid over to petitioners as required by law;" that Easterling has embezzled the funds of the estate and failed and refused to pay them or any part thereof to petitioners; that the administrator has failed and neglected to make returns of his actings and doings, and to show what he has done with the assets of the estate.   The prayers are, that "the defendants make a full disclosure to the court of all the assets of the estate and from what source they came; that they be required to bring into court all checks that had been drawn on the estate account of Mrs. J. B. Waters, whether paid or unpaid, and also the pass-books of the administrator Easterling, showing the number of deposits made by the administrator or any one else in the bank to the credit of the estate of Mrs. Waters," etc.   Attached as an exhibit is a copy of the bond signed by the administrator as principal and the other defendants as sureties.

This suit was filed on March 27, 1928.   In August of the same year the plaintiffs filed a petition in which, after reciting certain facts which they contend show the liability of the administrator in the suit originally filed, they set forth other facts which they contend show liability to the plaintiffs on the part of the Peoples Bank of Glennville, alleging that the bank and its officials had

notice that Easterling, the administrator, was embezzling the funds of petitioners which he held in trust as administrator of the assets of the estate of Mrs. Waters, and that the bank "neglected and refused to give petitioners any notice whatever of the said embezzled acts and doings of the said administrator with the funds he had deposited in said bank," and had refused to give them any information contained in the records of the bank as to said fund; that the bank's officials, by thus acting and withholding the information contained in its records, made themselves · liable to petitioners to the extent of the value of the said estate; that the bank had made itself a trustee of said funds and said deposits, and the same became impressed with the trust. The filing of the original petition· against Easterling as administrator and the sureties on his bond is recited; and it is prayed that the court take jurisdiction and ·grant to petitioners such equitable relief and judgment as they are entitled to; that the bank be made a party defendant to the original action, and be declared a trustee of the ·funds deposited with it by the administrator; that petitioners have such other and further relief as·they may be entitled to; and "that said bank show cause before the court, at such time and place as the court may designate, why the within and foregoing amendment should not be allowed by the court." On August 17, the court passed an order requiring the Peoples Bank to show cause "why this amendment should not be allowed and the said Peoples Bank be made a party defendant as prayed," and to produce certain papers, documents, etc.; and ordered service. This application to make parties was subsequently amended by an application to make certain named directors of the bank parties.

The bank filed its demurrer setting out certain reasons why the original petition could not be maintained against it; and filed an answer subject to its demurrer. In its response to the application the bank set forth various reasons why it should not be made a party and should not be required to produce any of its records, and concluded with a prayer that "it be not required to become a party as prayed for."

Upon the hearing the court passed the following order: "The petition of P. L. Burkhalter et al., to make the Peoples Bank, of Glennville, Ga., and certain named directors of said bank parties defendant in the suit now pending in said court in favor of P. L.

Burkhalter et al. *v.* R. D. Easterling et al., having been presented to this court, and two amendments to same having been presented and argued, and the said Peoples Bank having filed its demurrers to said petition, as well as its objections to being made a party, as well as its answer therein, all of said matters being argued before this court; after evidence tending to support each side had been introduced, it is considered, ordered, and adjudged by the court: (a) That the prayers of petitioners, in the original petition, and the amendments thereto, are hereby refused and disallowed, and said the Peoples Bank and its named directors are not made parties defendant to said original suit. (b) That the demurrers of said Peoples Bank are sustained on each and every ground of same, both general and special, and said petition with all amendments thereto are hereby disallowed." To this judgment the plaintiffs excepted.

The petition in this case, though in form it is an independent petition against the bank, in view of all its recitals and prayers must be considered an application to make the Peoples Bank of Glennville a party defendant. It is not an original suit against the bank, and the plaintiffs by the recitals in the bill of exceptions show that they construe it as an application to make a party, and not as an original suit against the bank. The recitals to which we refer are as follows: "Be it further remembered, that the said plaintiffs in error brought their petition in vacation against the Peoples Bank and filed same in clerk's office on the 17th day of August, 1928, after procuring an order from the judge requiring the said bank, under the allegations of the said petition, to show cause why it should not be made a party defendant with the said R. D. Easterling and his said sureties on his bond, as provided in Code § 5601. Be it further remembered, that the said petition, process, and order of the court was duly served on the said bank as required by law. Be it further remembered that in pursuance of the said order of the court, and in response, the said defendant appeared before the court and filed its demurrers, both general and special, to the action of the plaintiff in seeking to make the said bank a party defendant. Be it further remembered, pending the different hearings had before the court on their application to make the said bank a party defendant, they amended their petition by leave of the court on August 30, 1928. Be it further remembered,

that at another hearing before the court the plaintiffs offered and prayed the court to allow them to further amend their petition making the said bank a party defendant by making the board of directors of the said bank for the years 1926-27-28 party defendants with the said bank, and all party defendants to plaintiffs' cause of action along with R. D. Easterling and his said sureties. The court withheld his judgment on this amendment offered, and held same in suspense until he rendered his final judgment on the said petition to make the said bank a party defendant, at which time, on the 15th day of December, 1928, he rendered his final judgment on all the pleadings of the plaintiffs and the general and special demurrers of the defendant."

The order of the court sustaining the demurrer of the Peoples Bank and disallowing the petition and amendments thereto is to be regarded merely as an order refusing to make the new defendants, that is, the bank and its directors, parties. That being true, the record does not show that any final judgment or decree has been rendered in the court below to which a direct bill of exceptions could be sued out, and this writ of error is premature and this court is without jurisdiction to entertain the same and pass upon the assignments of error. In *Deadwyler* v. *Bank of the University,* 110 *Ga.* 511 (35 S. E. 779), it was said: "Where a petition was brought against several defendants, and, upon separate demurrers filed by each of them save one, was dismissed as to those who demurred, the result was to leave the case pending as between the plaintiff and the sole remaining defendant. This being so, there was no adjudication finally disposing of the case which the plaintiff could directly bring to this court for review. While a refusal to dismiss as to one of the demurring defendants might have authorized him to sue out a writ of error, because the ruling sought by him would have been, so far as he was concerned, a final disposition of the case, this is not so as to the plaintiff, who proceeded against several, and there was not a dismissal as to all." And in *Zorn* v. *Lamar,* 71 *Ga.* 80, it was said: "The refusal to dismiss as to a defendant may be ground of exception by him, because, if ruled as he desired, the case would have been finally disposed of as to him; aliter as to a complainant who pursues two or more and a dismissal is had as to one." It is clear that if where there are several defendants, and there is a dismissal of the action

as to one of the defendants, no such judgment has been rendered as gives the plaintiff the right to sue out a writ of error to bring the case here for review, the refusal to make a party can not be considered a final judgment in the case. Consequently the writ of error must be dismissed, because prematurely sued out; but it is ordered that the plaintiffs be allowed to file the copy of the bill of exceptions now in the office of the clerk of the superior court as exceptions pendente lite.

*Writ of error dismissed, with direction. All the Justices concur.*