*Pottle, Farkas & Cobb,* for plaintiff in error.
*S. B. Lippitt,* contra.

22757. SMITH *v.* ATLANTA ENTERPRISES INC. *et al.*

Decided April 26, 1933.

*Edgar Latham,* for plaintiff.
*Frank C. Tindall, Howell, Heyman & Bolding,* for defendants.

Sutton, J.   1. This was a suit by Mrs. F. A. Smith against Atlanta Enterprises Inc. and the Constitution Publishing Company, for damages because of injuries to the plaintiff on account of the

alleged joint negligence of the defendants. The Atlanta Enterprises Inc. filed a demurrer to the petition, which was sustained, and the case was dismissed as to this defendant. The plaintiff excepts to this judgment. A motion to dismiss the bill of exceptions was made by the defendant on the ground that the judgment excepted to was not final and that the case was still pending in the court below, and that the plaintiff could not except to the judgment by a direct bill of exceptions to this court.

This was a joint action against two defendants, and, when the court on demurrer dismissed the case as to one of the defendants, a different action was left pending in the court below. The judgment of dismissal was final in its nature; and as long as it stands, the plaintiff can only proceed in this case against the other defendant. It is manifest that the case as a joint action was ended, and that plaintiff's remedy to reinstate it was by bill of exceptions. Therefore the motion to dismiss the writ of error is denied. *McGaughey* v. *Latham*, 63 *Ga.* 67; *Kollock* v. *Webb*, 113 *Ga.* 762 (39 S. E. 339); *Ellis* v. *Almand*, 115 *Ga.* 333 (41 S. E. 642); *Johnson* v. *Porter*, 115 *Ga.* 401 (41 S. E. 644); *Burns* v. *Horkan*, 126 *Ga.* 161 (54 S. E. 946); *Vandiver* v. *Georgia Ry. & Power Co.*, 38 *Ga. App.* 59 (143 S. E. 455). In passing on the motion to dismiss the bill of exceptions, this court has not overlooked the cases of *Mitchell* v. *Tomlin*, 64 *Ga.* 369, *Shealey* v. *Toole*, 66 *Ga.* 573, *Zorn* v. *Lamar*, 71 *Ga.* 80, *Deadwyler* v. *Bank of the University*, 110 *Ga.* 511 (35 S. E. 779), *Stephens* v. *Haugwitz*, 167 *Ga.* 352 (145 S. E. 660), and *Burkhalter* v. *Peoples Bank*, 169 *Ga.* 645 (151 S. E. 389).

2. An owner or occupier of land, who, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe. Civil Code (1910), § 4420: *Atlanta Cotton Seed Oil Mills* v. *Coffey*, 80 *Ga.* 145, 148 (4 S. E. 759, 12 Am. St. R. 244).

3. A suit against the landlord and one to whom he lets certain premises consisting of a theater, to be used by the latter in conducting a cooking school for the general public, which alleges that the landlord retained the custody and control of the premises and did not surrender the same to the tenant, and had its manager, stage

hands, ushers, and other employees in charge of the premises, and had control of the lighting, stage management, and seating of those attending the cooking school, and conducted the premises in a manner appropriate for the holding of a cooking school therein by the tenant; that the plaintiff, as a member of the public invited to attend the cooking school, entered the first floor of the theater, which was poorly lighted, and walked in search of a seat, and, when she reached a point near the right-hand side of the seat, she fell into an open stairway, of which she had no notice or knowledge, and which she could not see, and was injured; that the plaintiff was not warned by the ushers or other employees of the existence of such open stairway; that there were not a sufficient number of ushers on duty to conduct the plaintiff to a seat; that such open stairway constituted a trap and a menace to the plaintiff; and that the defendants were negligent in not having the theater properly lighted, in not providing a sufficient number of ushers to conduct persons to their seats, in maintaining the open stairway under such circumstances, and in that the ushers and employees, who had the building and cooking school in charge, did not warn the plaintiff of the presence and location of the stairway, set forth a cause of action against the landlord. *Monahan* v. *National Realty Co.,* 4 *Ga. App.* 680 (62 S. E. 127) ; *Huey* v. *Atlanta,* 8 *Ga. App.* 597 (70 S. E. 71) ; *Davis* v. *Hall,* 21 *Ga. App.* 265, 268 (94 S. E. 274) ; *Marr* v. *Dieter,* 27 *Ga. App.* 711 (2) (109 S. E. 532) ; *Crossgrove* v. *A. C. L. R. Co.,* 30 *Ga. App.* 462 (2a) (118 S. E. 694) ; *Smith* v. *State Mutual Life Ins. Co.,* 40 *Ga. App.* 747, 750 (151 S. E. 554) ; *Archer* v. *Blalock,* 97 *Ga.* 719 (25 S. E. 391) ; Eckman *v.* Atlantic Lodge No. 276, 68 N. J. L. 10 (52 Atl. 293) ; 36 C. J. 225, § 915).

4. It follows that the court erred in sustaining the demurrer and dismissing the case as to the defendant Atlanta Enterprises Inc.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*