JOHNSON *v.* MOTOR CONTRACT COMPANY *et al.*

No. 12203. JUNE 18, 1938. REHEARING DENIED JULY 11, 1938.

*McCullar & McCullar,* for plaintiff.

*Johnston & Jones* and *Frank O. Evans,* for defendants.

ATKINSON, Presiding Justice. ■ A motion was made to dismiss the writ of error, because, the action being against two defendants, the order sustaining the separate general demurrer of one of them left the case pending in the trial court against the other defendant who did not appear; and consequently the order was not a final judgment upon which a bill of exceptions could be taken. The action was against the defendants jointly upon a joint cause of action, charging the defendants jointly with having carried on a joint enterprise in pursuance of a conspiracy between them to defraud, and by such means having caused damage to plaintiff. In the early case of *Shealey* v. *Toole,* 66 *Ga.* 573, it was held: "The grant of a nonsuit as to one of two defendants is not such a final adjudication as will give the plaintiff the right to bring the case at once to this court, it appearing from the record that the case as to the other defendant is still pending below." The published report of the case does not give the facts, but the record of file in the Supreme Court shows that the action was a joint action based on an alleged *joint cause of action* wherein it was alleged that the defendants combined and confederated and defrauded plaintiff out of her money. The writ of error was dismissed. That ruling was followed, and the writ of error dismissed, in *Zorn* v. *Lamar,* 71 *Ga.* 80 (2), involving an action against two defendants jointly, based on a joint cause of action. No reference was made in either of those decisions to the older case of *McGaughey* v. *Latham,* 63 *Ga.* 67 (2), where it was held broadly: "The action being against two persons jointly, a judgment on demurrer dismissing it as to one of the defendants is final in its nature, and may be brought to the Supreme Court by the plaintiff whilst the

case is still pending below as to the other defendant. The other defendant is not a necessary party to the writ of error, and need not be served with the bill of exceptions." All three of the above cases were decided before adoption of the act approved October 16, 1891 (Ga. L. 1890-91, vol. 1, p. 82), when the law declared, in part, that "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause." Code of 1882, § 4250. The above act amended that section of the Code by inserting in the fifth line thereof, after the word "cause," the words, "or final as to some material party thereto," so that the section as amended was as follows: "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto." That section as amended has been brought forth in the several Codes, and is now embodied unchanged in the Code of 1933, § 6-701, except that it has been so enlarged as to apply also to the Court of Appeals. The case of McGaughey v. Latham, supra, though against joint defendants, did not involve a joint cause of action. In similar cases in that respect it has been followed in Ellis v. Almand, 115 Ga. 333 (41 S. E. 642); Wood v. Stevens, 144 Ga. 518 (87 S. E. 658); Adams v. Georgia Railway & Electric Co., 142 Ga. 497 (83 S. E. 131); Kollock v. Webb, 113 Ga. 762 (39 S. E. 339); all involving joint actions based on several causes of action, and decided subsequently to said act of 1891.

In Kollock v. Webb it was held: "The action being against four persons jointly, a judgment on demurrer dismissing it as to three of them is final in its nature, and may be brought to the Supreme Court by the plaintiff while the case is still pending in the court below as to the other defendant." In the opinion by Mr. Justice Cobb it was said: "Under the ruling made in the case of McGaughey v. Latham, 63 Ga. 67, the motion to dismiss the writ of error must be overruled. It was there held that, the action being against two persons jointly, a judgment on demurrer dismissing it as to one of the defendants is final in its nature, and may be brought to

this court by the plaintiff while the case is still pending in the court below as to the other defendant. In the opinion Mr. Justice Bleckley said: 'The action brought was a joint action against two, and no such action is now pending in that court, the court having dismissed it as to one of the defendants on the demurrer which we have just discussed. The judgment of dismissal was final in its nature, and while it stood no further proceedings could be had below except against the other defendant. It is manifest that the case as a joint action was at an end, and that to reinstate it the plaintiffs were without remedy other than a writ of error.' See also *Sutherlin* v. *Underwriters' Agency*, 53 *Ga.* 442. In *Shealey* v. *Toole*, 66 *Ga.* 573, it was held that the grant of a nonsuit as to one of two defendants is not such a final judgment as will give the other the right to bring the case to this court, it appearing that the case was still pending in the court below as to the other defendant. The case of *Zorn* v. *Lamar*, 71 *Ga.* 80, 85, is clearly distinguishable from the case of *McGaughey* v. *Latham*, supra, but some of the language of Mr. Chief Justice Jackson on page 88 would indicate that he did not apprehend what seems to us to be the full purport of the ruling made in the *McGaughey* case. The language of the learned Chief Justice rather indicates that where the cause of action was joint, a dismissal as to one of the defendants would authorize the bringing of a writ of error, notwithstanding the case had not been dismissed as to the other; but that where the action was joint, though the cause of action was several, the right to bring a writ of error while the case was pending as to one of the defendants did not exist. Upon an examination of the *McGaughey* case it will appear that the action was joint, but that the cause of action was several, the suit being against one alleged to be indebted upon an account and against another alleged to be liable on account of a promise to pay the account. The object of the suit was to hold the latter person liable as security, a liability which could have been asserted in a suit brought against him alone, provided he was liable at all as security. In the case of *Deadwyler* v. *Bank*, 110 *Ga.* 511 [35 S. E. 779], the court followed the reasoning of Mr. Chief Justice Jackson in *Zorn* v. *Lamar*. The case of *McGaughey* v. *Latham*, being a unanimous decision by three Justices and never having been under review, must be followed in preference to the later case of *Zorn* v. *Lamar*, even if that decision

can be properly construed to be in conflict with the *McGaughey* case, as well as in preference to *Shealey* v. *Toole,* notwithstanding that was a unanimous decision, and *Deadwyler* v. *Bank,* which was a decision by five Justices only, and therefore not absolutely binding as authority. It is our duty in any event to follow the earlier decisions of the court when concurred in by all the members of the court; but we the more cheerfully follow them in cases which, like the present, relate solely to questions of practice, which it is important should be settled and not open to fluctuation, notwithstanding they may be not in exact accord with technical niceties. The present case being an action against several persons jointly, and not a joint cause of action against them, the rule laid down in *McGaughey* v. *Latham,* supra, is controlling." It will be perceived that the action being against the defendants jointly but based on a several cause of action, the decision followed the precedent established by *McGaughey* v. *Latham,* but from the language of the last sentence quoted above the court was particular to state that the action was "against several persons jointly, and not a joint cause of action against them." This was recognition of the doctrine of *Shealey* v. *Toole,* supra.

In *Deadwyler* v. *Bank,* supra, based on a joint cause of action and decided after the act of 1891, supra, it was said by Lewis, J.: "As to the plaintiff the case was not finally disposed of, but was left pending between him and the defendant who did not demur. The question in hand has been definitely and clearly settled in *Zorn* v. *Lamar,* 71 *Ga.* 80, in which it was held that the dismissal of a case as to one only of two defendants against whom it was brought 'was not a final adjudication to which the complainants could except' by suing out a direct bill of exceptions to the Supreme Court. This particular ruling, as appears from the opinion of Chief Justice Jackson, was expressly based upon the proposition that the dismissal as to one defendant would leave the case still pending between the complainant and the other defendant. In that case it was further laid down that 'The refusal to dismiss as to a defendant may be ground of exception by him, because, if ruled as he desired, the case would have been finally disposed of as to him; aliter as to a complainant who pursues two or more, and a dismissal is had as to one.' We therefore have no alternative, except to dismiss these writs of error." In the later case of

*Burns* v. *Horkan,* 126 *Ga.* 161 (2) (54 S. E. 946), Mr. Justice Cobb, again speaking for the court, applied the above-quoted doctrine of *McGaughey* v. *Latham.* That action was brought by Burns against three individuals, Horkan, Taylor, and Martindale jointly. The alleged cause of action was trespass in cutting timber from lands of petitioner. It was alleged that Taylor and Martindale were operating a sawmill. It was further set forth in the statement of facts that "'Horkan, in furtherance of a scheme previously planned, did combine and confederate with the said Taylor and Martindale . . to take said sawmill timber on said lot . . , the same being then and there the property of petitioner, without lawful warrant or authority, and in doing so acted as wilful trespassers.' In furtherance of this scheme Horkan executed 'a paper to said company, in which he pretended to convey to it the sawmill timber on said lot of land.' About 'said date in February, 1901, and afterwards during that year, the said defendants, by their servants, agents, and employees, acting on said pretended conveyance, did enter upon and proceed to cut and remove the said sawmill timber from said lot of land.'" Horkan and Taylor separately filed general demurrers. These were sustained, leaving the case pending against Martindale. Burns excepted. One ground of Martindale's motion to dismiss the writ of error was that there had been "no final disposition of the case in the court below, it being still pending there against Martindale." Although the action was against the defendants jointly, and the alleged trespass constituting the cause of action was in pursuance of a conspiracy between the defendants to commit the wrong, thus showing a joint cause of action, it was held that the plaintiff could by bill of exceptions bring the case to the Supreme Court, complaining of the judgment sustaining the general demurrers interposed by Horkan and Taylor, while the case was still pending in the trial court as against Martindale. The decision was by only five Justices and consequently not binding on the Supreme Court as a precedent; and it was rendered subsequently to the older cases of *Shealey* v. *Toole,* and *Zorn* v. *Lamar,* supra, both of which were decided by the entire bench as the court was then constituted. In the circumstances the decision should yield to the older decisions. This is so for the same reason as pointed out by Mr. Justice Cobb in *Kollock* v. *Webb,* supra, why *Shealey* v. *Toole,* and *Zorn* v. *Lamar,* should

yield to the older decision in *McGaughey* v. *Latham*. See, in this connection, Code § 6-1611; *Calhoun* v. *Cawley*, 104 *Ga.* 335 (30 S. E. 773).

The cases of *Deadwyler* v. *Bank of the University* and *Zorn* v. *Lamar*, 71 *Ga.* 80, were followed in *Stephens* v. *Haugwitz*, 167 *Ga.* 352 (145 S. E. 660), and *Burkhalter* v. *Peoples Bank*, 169 *Ga.* 645 (151 S. E. 389), both being decided by the entire bench of six Justices. The case of *Hibble* v. *Mutual Oil Co.*, 170 *Ga.* 694 (153 S. E. 771), in so far as it may conflict with *Shealey* v. *Toole* and *Zorn* v. *Lamar*, must also yield to the older precedents. All of the foregoing cases refer to exceptions taken by *plaintiffs* to rulings against them. A judgment favorable to plaintiff but adverse to one of several defendants may be final as to such separate defendant, in which case he may except. In *Huey* v. *National Bank of Fitzgerald*, 177 *Ga.* 64, 67 (169 S. E. 491), it was said: "Where a petition is filed against several defendants, and a separate demurrer thereto by one or more of them is overruled, the remaining defendants need not be made parties to, or be served with a copy of, a bill of exceptions assigning as error the overruling of the demurrer mentioned." But that principle is not in point now, where no such question is involved. In Boxwell *v.* Greeley Union National Bank, 89 Colo. 574 (5 Pac. (2d) 868, 80 A. L. R. 1179), it was held: "Dismissal of an action as to one defendant on sustaining such defendant's separate demurrer to the complaint is not reviewable until the action against the remaining defendant has proceeded to judgment, where the liability of the dismissed defendant depends upon the liability of the others." In a note to the decision it was said: "As a general rule, a judgment or decree is not final which settles the cause as to a part only of the defendants. Thus, an order or decree which dismisses a suit as to a part only of the defendants named, all of whom are charged to be jointly liable, is not a final decree from which an appeal or writ of error will lie, while the case remains undisposed of in the lower court as to the other defendants." In the light of all the decisions to which reference has been made, the instant case involving a joint cause of action should follow the precedents of the *Toole* and *Zorn* cases, both based on joint causes of action, rather than the different ruling in *McGaughey* v. *Latham*, based on a several cause of action. The words, "or final as to some material party thereto,"

as added to the statute by the act of October 16, 1891 (Code, § 6-701), supra, do not alter the foregoing conclusion. This is true for the reason that if this judgment "had been rendered as claimed" by the present plaintiff in error, who was *plaintiff* in the court below, it would not have been a final disposition of the cause as to any party.

Another ground of the motion to dismiss is that there was no service of the bill of exceptions on the codefendant. The plaintiff amended by presenting an acknowledgment of service by named persons as attorneys for the codefendant, who were not attorneys of record for him. That defendant, though a party to the case and named in the bill of exceptions as a defendant in error, had not made an appearance in the trial court, and naturally would not have had an attorney of record. However, such defendant could have employed or otherwise authorized an attorney to acknowledge service of the bill of exceptions after disposition of the case in the trial court. There is a presumption that the attorneys who acknowledged service had such authority; and there being nothing of record to rebut that presumption, the acknowledgment of service by them being regular must be held sufficient. *Edwards* v. *Wall*, 153 *Ga.* 776 (3-6) (113 S. E. 190).

The ruling announced in headnote 3 does not require elaboration.

*Writ of error dismissed, with direction. All the Justices concur, except Russell, C. J., who dissents.*