VEAL *v.* BEALL *et al.*

No. 12931.   SEPTEMBER 15, 1939.   REHEARING DENIED OCTOBER 14, 1939.

*D. D. Veal*, for plaintiff.

*W. W. Walker* and *R. C. Whitman*, for defendants.

Duckworth, Justice. ■ Where more than one person are sued as defendants on a joint cause of action, a direct bill of exceptions to this court will not lie to a ruling dismissing the action as to some of the defendants, but the plaintiff must proceed against the remaining defendants to a final judgment before he is entitled to bring the antecedent ruling to this court for a review. *Johnson* v. *Motor Contract Co.*, 186 *Ga.* 466 (198 S. E. 59). But where a suit is brought against a number of defendants not on a joint cause of action, a direct bill of exceptions must be taken to a ruling dismissing the action as to some of the defendants; and if the plaintiff proceeds to judgment against the remaining defendants, he will be held to have waived his right to have reviewed the ruling
■

dismissing the petition as to certain defendants. *Ellis* v. *Almand,* 115 *Ga.* 333 (41 S. E. 642); *Kollock* v. *Webb,* 113 *Ga.* 762 (39 S. E. 339); *Hodges* v. *Seaboard Loan & Savings Asso.,* 188 *Ga.* 410 (3 S. E. 2d, 677). Accordingly in the present suit, which was not based upon a joint cause of action, when the plaintiff, after the ruling dismissing the action as to the county board of education and the county school superintendent, proceeded with the trial of the case against the remaining defendants to final judgment, she waived her right to have reviewed the ruling complained of, and can not be heard by this court on exceptions thereto taken after the final judgment.

■ The sole relief prayed for by the plaintiff against the county commissioners was that they be required to deliver the funds involved to the board of education. The response of the commissioners alleged that there was at that time a deficit of more than $4000 in the available funds for the payment of the expenses of the courts of the county. According to the allegations of the petition, the funds sought by petitioner were less than $4000; and since the act appropriating to the county the funds involved expressly provided that the same should be used for the payment of the expenses of the courts or for education, or for both, in the discretion of the county commissioners, depending upon the needs, the demurrer to the plea of the commissioners, on the ground that it alleged no valid defense, should have been overruled if the allegations of that plea or response stated any valid reason why the prayer for relief against these defendants should not be granted. Since the defendants were authorized, under the act, to use any part or all of the fund for the payment of the expenses of the courts, provided only that there was a need for such fund, and since the answer alleged a need in the court expenses of more than the amount available to cover the deficit, it stated a valid defense to the action, and constituted a reason why the defendants under the law may not be required to pay over the fund to the county board of education; and thus the judgment overruling the general demurrer was not error. In one ground of the demurrer 13 paragraphs of the answer were specially attacked on the ground that they were immaterial, irrelevant, and stated mere conclusions of the pleader, without showing wherein the portions of the answer attacked were subject to the criticisms made. A special demurrer being a critic, it must itself be free from criti-

cism. *Lovett* v. *Arnall Merchandise Co.*, 182 *Ga.* 356 (2-*b*) (185 S. E. 315) ; *Alford* v. *Davis*, 21 *Ga. App.* 820 (95 S. E. 313) ; *Katz* v. *Turner*, 49 *Ga. App.* 81 (174 S. E. 167). The special demurrers were too vague and indefinite to raise any question for decision by the court, and show no cause for reversal. *Askew* v. *Thompson*, 129 *Ga.* 325 (3) (58 S. E. 854). Moreover, even if the demurrers were good, and if certain of the paragraphs attacked were immaterial and others stated mere conclusions of the pleader, and if it was error to overrule the special demurrers thereto, these grounds of demurrer did not attack the material portions of the answer wherein a valid defense was stated, and the judgment will not be reversed because of such error. *Hill* v. *Horsley*, 142 *Ga.* 12 (2) (82 S. E. 225) ; *Federal Land Bank of Columbia* v. *Roberts*, 177 *Ga.* 668 (2) (171 S. E. 135).

■ On the trial the evidence showed a very definite and distressing need on the part of the schools for money, and while the evidence showed that the expenses of the courts had been paid up to the then present term it was silent as to whether or not there were available funds to pay the expenses of the present term of court and as to the amount of such expenses. To entitle plaintiff to the relief prayed the burden was upon her to prove not only a financial need of the funds on the part of the schools, but also to prove that there was no need for funds with which to pay the expenses of the courts. Under the act, if there was a need on the part of both the courts and the schools, in the exercise of the discretion given to them by the act the commissioners are authorized to apply all of the funds to either the payment of court expenses or to education, or a part to one and a part to the other. The burden was upon the plaintiff to offer evidence to show that the county commissioners would grossly abuse their discretion unless such funds were paid to the board of education, as prayed in the petition. To the extent that the evidence failed to show that there were available funds sufficient to pay the expenses of the courts, the plaintiff failed to carry the burden, and the evidence demanded the verdict against her.

*Judgment affirmed. All the Justices concur.*