28688, 28689. GLORE v. THOMPSON *et al.;* and *vice versa.*

DECIDED MARCH 15, 1941.

*Ray B. Rhodenhiser Jr., Hallie B. Bell,* for plaintiff.
*Johnston & Jones,* for defendants.

BROYLES, C. J. George Earnest Glore sued "R. C. Franklin, trading as Safety Cab Company," and Emmitt Thompson, jointly, to recover damages for his alleged malicious arrest and false imprisonment. In part the petition substantially avers that while plaintiff was a passenger in a taxicab owned and operated by Franklin and driven by Thompson, "who was then and there acting as the officer, agent, employee, and servant of . . Franklin," Thompson directed a police officer of the City of Macon to arrest him, and caused his unlawful arrest and his illegal detention in the barracks of the City of Macon. After the plaintiff had introduced evidence and rested his case, the court, on motion of counsel for Franklin, granted a nonsuit as to him; and to that judgment the plaintiff ·excepted. The case then proceeded to trial against Thompson alone; and after Thompson had introduced his evidence, the plaintiff moved that a mistrial be declared, "on the ground that the court sustained a motion for nonsuit . . made by . . Franklin;" and the court sustained the motion and declared a mistrial. The sole exception by the plaintiff is to the judgment granting a nonsuit as to Franklin. In a cross-bill of exceptions Thompson assigned error on the judgment declaring the mistrial. Counsel for the defendant filed in this court a motion to dismiss the writ of error on that bill of exceptions, on the ground that the judgment of nonsuit as to Franklin was not a final judgment, it appearing from the record that the case as to Thompson is still pending in the trial court. While the petition alleges that the damages sued for were caused by the defendants "jointly, indi-

vidually, and collectively," the evidence showed that the liability of Franklin depended entirely upon his responsibility for the alleged wrongful acts of his employee Thompson, and that said acts were committed by Thompson without the knowledge or authority of Franklin. It follows that the suit was based on a joint cause of action.

In *Johnson* v. *Motor Contract Co.*, 186 *Ga.* 466 (198 S. E. 59), headnote 1 reads as follows: "Under former decisions of this court, a judgment sustaining a general demurrer to a petition against two defendants jointly, based on a joint cause of action, is not such a final judgment as will give the plaintiff the right to bring the case directly to the Supreme Court, it appearing of record that the case as to the other defendant is still pending in the trial court." The Code, § 6-701, declares: "No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto." It is obvious in the instant case that if the motion for a nonsuit had been denied, as the plaintiff in error claims it should have been, that judgment would not have been a final disposition of the cause. In the *Johnson* case, supra, the Supreme Court, in dismissing the bill of exceptions, said (pp. 472, 473): "The words, 'or final as to some material party thereto,' as added to the statute by the act of October 16, 1891 (Code, § 6-701), supra, do not alter the foregoing conclusion. This is true for the reason that if this judgment 'had been rendered as claimed' by the present plaintiff in error, who was *plaintiff* in the court below, it would not have been a final disposition of the cause as to any party." In that case the Supreme Court also reviewed the genesis and development of Code § 6-701, and analyzed and differentiated numerous older decisions of the Supreme Court bearing on the question involved. In *Veal* v. *Beall*, 189 *Ga.* 31 (5 S. E. 2d, 5), the court cited and approved the ruling in the *Johnson* case, supra. While the ruling in the *Johnson* case was based upon the order sustaining a general demurrer of one joint defendant to the petition, which left the case against the other defendant pending in the trial court, the principle of the ruling is applicable and controlling

in the instant case. The motion to dismiss the main bill of exceptions is sustained. "The main bill of exceptions having been dismissed because it was sued out prematurely, it necessarily follows that the cross-bill of exceptions must also be dismissed." *MacDonell* v. *South Georgia Live Stock Corporation,* 152 *Ga.* 475 (2) (110 S. E. 227).

*Writs of error dismissed.   MacIntyre and Gardner, JJ., concur.*