29821. EDWARDS *v.* GULF OIL CORPORATION *et al.*

*G. Seals Aiken, Evelyn Greer Sisk,* for plaintiff.

*MacDougald, Troutman & Arkwright,* for defendants.

STEPHENS, P. J. Mrs. Lillie Mae Edwards brought suit against Mrs. Charles P. (Saluda) Lassiter, George A. DeLay, and the Gulf Oil Corporation, in which she sought to recover damages for the death of her infant son which she alleged was caused by the negligence of the defendants. She alleged, that Mrs. Lassiter owned described premises in the City of East Point; that before January 22, 1938, these premises were improved to accommodate an automobile service-station by the erection of a one-story building of the customary service-station type, and by the construction of concrete driveways and underground tanks for gasoline, gasoline pumps, etc.; that on November 10, 1939, these premises, together with all improvements thereon, were under a one-year lease to the Gulf Oil Corporation; that on November 10, 1939, George A. DeLay operated the filling-station on these premises for the Gulf Oil Corporation; that this corporation maintained and exercised control of the operation of the station, together with the right to discharge DeLay as its employee and to remove him from the station at any time it so desired; that the approach to the filling-station, over which persons had to pass in using the sidewalk, was constructed of cement; that there was a hole in this cement pavement several inches deep and several feet in width and length; that this depression, which had existed for some months, resulted from a sinking of the concrete caused by the motor vehicles patronizing the station and passing over the pavement, which was of an inferior grade and defectively constructed; that DeLay, as the operator of the station and as the agent, servant, or employee of the Gulf Oil Corporation, and with its knowledge and consent and under its direction and control, placed ashes in this depression or hole and put boiling hot tar on top thereof; and that the plaintiff's child, in using this portion of the filling-station premises, which he had a right to do, fell into this tar and was severely burned, from which burns he died. The plaintiff alleged that the defendants were negligent in that no

warning device or protection was placed around the boiling tar, because no cover was placed over it, and because this hole with the tar therein constituted a dangerous menace to and a trap for the child.

The action as to Mrs. Lassiter was stricken on demurrer. *Edwards* v. *Lassiter,* 67 *Ga. App.* 368 (20 S. E. 2d, 451). The defendants denied liability. At the conclusion of the plaintiff's evidence on the trial, a nonsuit was granted as to the corporation. The plaintiff withdrew her case against DeLay, and sued out a direct bill of exceptions, assigning error on the judgment as to the corporation.

■ The defendant in error moved to dismiss the writ of error, for the reason that a direct bill of exceptions would not lie from the judgment of nonsuit as a final judgment, because it appeared that the suit was based on a joint cause of action. A suit against two defendants, one the servant or agent of the other, based on the negligence of the servant or agent in performing an act within the scope of his employment or relative to his agency for the other defendant, is not a joint cause of action. In such a case, where a suit is brought against the two defendants jointly, and on the conclusion of the plaintiff's evidence a nonsuit is granted as to the master or principal, the plaintiff may except directly to the judgment of nonsuit, although the case as to the other defendant remains pending in the trial court. See *Hodges* v. *Seaboard &c. Asso.,* 188 *Ga.* 410 (3 S. E. 2d, 677) ; *Johnson* v. *Motor Contract Co.,* 186 *Ga.* 466 (198 S. E. 59) ; *Ellis* v. *Almand,* 115 *Ga.* 333 (41 S. E. 642) ; *Smith* v. *Atlanta Enterprises,* 46 *Ga. App.* 760, 761 (169 S. E. 243), and cit. The present case is distinguishable from *Glore* v. *Thompson,* 64 *Ga. App.* 491 (13 S. E. 2d, 717), and similar cases. In that case a joint cause of action was involved. The true rule in cases involving joint situations and in cases involving joint causes of action is aptly laid down and the distinction noted and applied in *Veal* v. *Beall,* 189 *Ga.* 31 (5 S. E. 2d, 5), which followed *Johnson* v. *Motor Contract Co.,* supra. It follows that when the court granted a nonsuit as to the Gulf Oil Corporation, the joint suit against DeLay and the corporation was at an end, and a different action was left pending in the trial court. The judgment of nonsuit was therefore final in its nature, and as long as it stands the plaintiff can proceed against DeLay only.

The plaintiff properly excepted directly to the judgment of nonsuit. The motion to dismiss is overruled.

■ Did the evidence for the plaintiff make out a prima facie case against DeLay and Gulf Oil Corporation? If so, the court erred in granting a nonsuit as to the corporation. The plaintiff alleged that her son was fatally injured as the result of the negligence of DeLay as the servant or agent of the corporation, in that no warning device or protection was placed around some boiling tar which was used in front of the filling-station of the corporation, operated for it by DeLay, for the purpose of repairing a hole in the pavement in front of the station, and also because no cover was placed over this tar, and it constituted a dangerous menace and trap for the child who had to walk nearby. The plaintiff alleged that the corporation was liable for the negligence of DeLay, as its servant or agent, in the operation of this station. The plaintiff's evidence showed, that DeLay operated the station; that he wore a uniform and cap with the name "Gulf" written on them; that there were signs reading "Gulf Oil Corporation" over the station and on the gasoline pumps and oil tanks used at the station; that DeLay invited children to come to the station to get comic papers printed by the corporation; that children frequently went there to get these comics; and that on the occasion when the plaintiff's child was injured he had been to the station with other children to get these comics, and as he was leaving he slipped and was precipitated into the boiling tar because there were no barriers and the tar was not covered. In evidence was a lease contract between the owner of the land on which the station was erected and the corporation, in which the latter was authorized to construct and operate a filling-station on the premises. In these circumstances the evidence made a prima facie case entitling the plaintiff to recover against both defendants. There was evidence which would have authorized a jury to find that DeLay was operating this filling-station as the servant or agent of the Gulf Oil Corporation, and in this event it would be liable for the negligence of DeLay in the operation for it of such station. The court erred in granting a nonsuit.

*Judgment reversed. Sutton and Felton, JJ., concur.*