## 9944

### McNEILL *ET AL.* v. ELECTRIC STORAGE BATTERY CO. *ET AL.*

#### (96 S. E. 134.)

1. Principal and Agent—Contracts—Construction.—If provisions of contract make it one of agency, it is immaterial by what names the parties call themselves in the contract.

2. Cᴏʀᴘᴏʀᴀᴛɪᴏɴs—Pʀɪɴᴄɪᴘᴀʟ ᴀɴᴅ Aɢᴇɴᴛ—Pʀᴏᴄᴇss—Sᴇʀᴠɪᴄᴇ ᴏɴ Fᴏʀᴇɪɢɴ Cᴏʀᴘᴏʀᴀᴛɪᴏɴ.—Where foreign corporation contracted with domestic corporations to handle its goods on consignment, the price to be regulated by the foreign corporation, requiring the local sellers to handle no other goods, giving the foreign corporation complete con-trol of the sale of its goods, the contract was one of agency, so that service on the domestic corporation was service on the foreign corporation, although the contract further provided that it should not be construed as creating an agency.

Before DᴇVᴏʀᴇ, J., Richland, April 7, 1917.   Affirmed.

Action by George McNeill and others, copartners, trading under the name of the Capital City Garage, against the Electric Storage Battery Co. and others.   From an order refuusing to set aside the service of the summons and complaint upon the Electric Storage Battery Co., said defendant appeals.

The grounds, upon which the motion was based, are fully set out in the opinion of the Court.

*Messrs. Nelson & Gettys,* for appellant, cite: *As to whether or not the Court has acquired jurisdiction of the appellant:* Code of Civil Procedure, sec. 184; 93 S. C. 105; 9 L. R. A. (N. S.), p. 1214 (note); 61 S. C. 361; 61 U. S. L. Ed. 916; 43 U. S. L. Ed. 569; 44 L. R. A. (N. S.) 1094; 129 Pac. 872, note; 73 Minn. 305; 76 N. W. 36; 50 Fed. 681; 29 Fed. 17; 57 U. S. L. Ed. 589; 156 S. W. 1097; L. R. A. 1916f, 239; 153 N. W. 814; 17 A. & E. Encyc. of Law 61.

*Messrs. Tompkins, Barnett & McDonald,* for respona-ents, cite: Code of Civil Procedure, 1912, sec. 184; 32 Cyc. 570; 87 S. C. 552; 93 S. C. 105; 33 S. C. 609; 12 Cyc. 563; 48 S. C. 65; 25 S. E. 977; 73 S. C. 526; 53 S. E. 991; 73 S. C. 532; 93 S. C. 107; Civil Code 1912, sec. 2672; 77 S. C. 443; 84 S. C. 253; 61 S. C. 361; 93 S. C. 103; 234 U. S. 579; 73 S. C. 532; 234 U. S. 587.

March 29, 1917.

The opinion of the Court was delivered by Mr. Justice Fraser.

The appellant states its case as follows:

"This is an action brought by McNeill and others, as Capital City Garage, against Electric Storage Battery Company, a foreign corporation, and others, alleging a fraudulent conspiracy to breach and violate, and the breach and violation of a certain agreement alleged to have been reached between Capital City Garage and Electric Storage Battery Company. The attempted service of the summons and complaint on the Electric Storage Battery Company was made by leaving copies thereof with Consolidated Auto Company and Columbia Ignition Specialty Company; the plaintiffs contending in their complaint that the auto company and the ignition company were both agents of Electric Storage Battery Company. The sole question presented by this appeal is whether or not the Court has acquired jurisdiction of the defendant, Electric Storage Battery Company, and that depends upon whether or not the alleged agency of the auto company or the ignition company was established at the hearing of the motion to set aside the service of the summons, made before his Honor, Judge DeVore. According to the allegations of the complaint, in the spring of 1916 the battery company promised and agreed to enter into a contract with them, making Capital City Garage its sole and exclusive agents in the city of Columbia and vicinity for the sale of batteries and battery service; that at said time the battery company had a similar contract with Consolidated Auto Company, known by the trade name of Roddey's Garage, and that the battery company promised and agreed to cancel said contract with Consolidated Auto Company as soon as the same should expire, which was on the 16th day of September, 1916; that on or about the 19th day of September, 1916, the battery company informed plaintiffs they would not enter into the proposed contract, but had placed the same with Columbia Ignition

Specialty Company, and alleges a fraudulent conspiracy on the part of all the defendants. The motion to set aside the service of the summons was made on the grounds set forth in the case, the substance of which grounds is that no proper service had ever been made on the defendant, Electric Storage Battery Company, or on any officer or agent thereof; that said battery company is a foreign corporation not engaged in business in South Carolina and having no office or agent in said State."

The appellant made a motion before Judge DeVore to set aside the service of the summons on the ground that the appellant was not doing business in this State and its codefendants were not its agents. The contract between the appellant and its codefendants must determine the question. It contains the following provisions:

"First. The battery company agrees to sell to the purchaser and the purchaser agrees to purchase from the battery company f. o. b. the battery company's factory, Philadelphia, Pa., patented 'Exide' storage batteries and parts thereof developed by the battery company for use in connection with electric starting or lighting or ignition on automobiles, motorcycles, or power boats in the city of Columbia, S. C., and immediate vicinity, at the published list prices for the same, as fixed from time to time and at any time by the Electric Storage Battery Company, less a discount of 52½ per cent.

"Second. In consideration of the above, the purchaser agrees, as a condition of this contract, not to sell the patented 'Exide' batteries or parts thereof, as covered by this contract, at discounts from said list prices greater than those established by the Electric Storage Battery Company from time to time, and which are as of this date as follows, 20 per cent. to users and 33 1-3 per cent. to dealers. The purchaser further agrees as follows:

"(a) To actively push the sale, for the purposes hereinbefore set forth, of 'Exide' batteries and parts exclusively,

and to handle for sale, either directly or indirectly, no other make of battery.

"(b)  To carry at all times such stock of complete 'Exide' batteries and parts as shall be necessary to enable the purchaser to promptly fill orders, purchasing under the discounts set forth herein such stock from the battery company, to provide, install, and maintain suitable facilities satisfactory to the battery company for repairing, charging, and caring for the batteries specified herein, and to conduct the business provided for hereunder in a maner satisfactory to the battery company.

"(c)  To promote in every reasonable manner the interests of the battery company and to refer to the battery company all inquiries received for batteries or parts outside of the territory specified.

"(d)  To pay the battery company in accordance with the terms required for material furnished under this agreement by the battery company's treasurer.

"Fourth. If the above terms and conditions under which this agreement is entered into are not faithfully carried out by the purchaser, it shall be optional with the battery company to cancel it forthwith by mailing notice to the purchaser.

"Fifth. This agreement of purchase and sale is not to be construed as an agency or partnership of any kind whatever between the parties hereto, and no act or obligation of one party shall in any way be binding upon the other party except as hereinbefore expressly set forth.

"Sixth. This agreement shall be binding between the parties hereto, their and each of their heirs, executors, and administrators, successors, and assigns, for a period of one year from the date hereof, unless canceled under the provisions of clause 'Fourth' hereof."

It will be seen that the appellant had absolute control of the Columbia business.   It·could fix the price from time to time without any reference to the price paid by its so-called

purchaser; the codefendant could sell no other bat-
1, 2   teries; the purchaser so-called must maintain a repair
shop satisfactory to the appellant.    It must promote,
in every reasonable way, the interest of the appellant within
and without its territory.    It is true the contract provided
that the relation of principal and agent should not exist,
but when the provisions of a contract make a contract of
agency then it is a contract of agency, and it makes no dif-
ference by what names the parties may call themselves.   This
contract gives the appellant complete control for the sale of
its goods, and the business is the business of the appellant.

The judgment is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS
and GAGE concur.

MR. JUSTICE HYDRICK dissents.