14074.  GULF REFINING COMPANY *et al. v.* HARRIS.

The general rule is that a master is liable for the torts of his servant, done in the performance of the duties of his employment. The theory of liability under the doctrine of "respondeat superior" is founded upon the legal principle expressed by the maxim "qui facit per alium facit per se," which presupposes, however, that the master retains authority and control over the manner, means, and method by which the work is to be performed. But no such liability exists (for the reason that the relationship of master and servant does not exist) where the employer merely engages another to do a particular

work, but retains no right or power to direct or control the manner, means, or method by which the result is to be accomplished, except as provided ·by section 4415 of the code (1910), or unless the person sought to be charged is estopped from denying the existence of such relationship, by reason of his conduct in misleading the complainant to deal with the tort-feasor in such capacity and to his injury. In order for the principle of estoppel to thus apply, the party seeking damages must not only have been misled, but by reason of being so misled must have acted to his injury. This is true even where the action is based upon a breach of contract, since " it is of the essence of such an estoppel that the person claiming to have been misled should have acted upon the belief." *Bank of the University* v. *Tuck*, 101 *Ga.* 104, 112 (28 S. E. 168); *Lynch* v. *Poole*, 138 *Ga.* 303, 305 (75 S. E. 158). The instant case is controlled by the ruling made in *Phipps* v. *Gulf Refining Co.*, 25 *Ga. App.* 384, where the nature of the action was the same and the facts were similar. No additional facts are disclosed such as could take this case without that ruling, since there is nothing to indicate that the injury was in any wise induced by any misleading conduct of the defendant acted upon by the plaintiff. Applying to the undisputed evidence the rules of law above set forth, a verdict for the defendant was demanded.

DECIDED APRIL 18, 1923.

Action for damages; from city court of Hall county — Judge Sloan. November 4, 1922.

Certiorari was granted by the Supreme Court.

*Luther Roberts, Hammond Johnson, W. Carroll Latimer,* for plaintiff in error.

*Charters, Wheeler & Lilly,* contra.

JENKINS, P. J. This, like the case of *Phipps* v. *Gulf Refining Co., 25 Ga. App.* 384, was an action for damages on account of an injury occasioned by the alleged negligent handling of a truck, driven by the servant of one who, under a written contract with the defendant, had engaged to sell the products of the latter. The contract between the defendant and the local dispenser of its products was the same as that set forth in the report of the *Phipps* case. In neither case does it appear that the defendant retained any control over the manner, means, or methods to be employed by the local dealer in the sale of the commodities. In each case there was evidence going to show that the business of the local dealer was so conducted, with the knowledge of the defendant, as might have reasonably misled the plaintiff to infer that it was being carried on by and for the defendant corporation; but in neither case was there any sort of testimony tending to indicate that the injury complained of was in any way brought

16

about on account of the plaintiff having been so misled.

We are not prepared to hold that the doctrine of estoppel in pais has no sort of possible application whenever the action is founded upon a tort. We agree with the contention of the plaintiff in error to the extent that it can have no possible application here, since it manifestly appears that the injury was in no wise induced by the misleading acts and conduct of the defendant. It is possible to conceive of cases where the rule might be different, where the action in tort is based upon the violation of a duty flowing from relations between the parties created by contract. *Commercial City Bank* v. *Mitchell,* 25 *Ga. App.* 837 (1) (105 S. E. 57). *Judgment reversed. Stephens and Bell, JJ., concur.*