# FOX, TAX COMMISSIONER OF WEST VIRGINIA, *v.* GULF REFINING CO.

No. 70.   Argued April 2, 1935.—Decided April 8, 1935.

*Mr. Homer A. Holt,* Attorney General of West Virginia, with whom *Messrs. R. Dennis Steed* and *Wm. Holt Wooddell,* Assistant Attorneys General, were on the brief, for appellant.

*Mr. Arthur Dayton,* with whom *Mr. Fred O. Blue* was on the brief, for appellee.

PER CURIAM.

The appellee brought this suit to restrain the enforcement of the West Virginia Chain Store Act (c. 36, West Virginia Acts, 1933), upon the grounds (1) that gasoline filling stations were not " stores " within the meaning of the Act; (2) that, if the Act were interpreted to include such filling stations, it violated the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States; and (3) that if the foregoing questions were resolved against appellee,

there were certain filling stations, particularly described, which were not stores "belonging to, operated or controlled" by appellee.

The District Court of three judges (28 U. S. C. 380) entered a final decree permanently enjoining the enforcement of the Act, and the case comes here on appeal. In so deciding, the District Court sustained the first of the above-mentioned contentions of appellee, and also the second contention with respect to the denial of the equal protection of the laws, following its decision to the same effect in *Standard Oil Co.* v. *Fox,* 6 F. Supp. 494. That decision was reversed by this Court. *Fox* v. *Standard Oil Co.,* 294 U. S. 87. The District Court did not determine the third contention of appellee, as to its relation to certain gasoline stations, and that is the only question now sought to be presented to this Court. The judgment is reversed and the cause is remanded to the District Court, composed as above stated, in order that it may consider and decide that issue.

*Reversed.*