## GULF REFINING CO. *v.* FOX, TAX COMMISSIONER.*

No. 442. Argued February 12, 13, 1936.—Decided March 2, 1936.

*Mr. Arthur S. Dayton,* with whom *Mr. Fred O. Blue* was on the brief, for Gulf Refining Co., appellant in No. 442.

---

* Together with No. 538, *Ashland Refining Co.* v. *Fox, Tax Commissioner.* Appeal from the District Court of the United States for the Southern District of West Virginia.

*Mr. E. L. McDonald* for Ashland Refining Co., appellant in No. 538.

*Mr. Homer A. Holt,* Attorney General of West Virginia, with whom *Mr. Wm. Holt Wooddell,* Assistant Attorney General, was on the brief, for appellee.

PER CURIAM.

These suits were brought to restrain the enforcement of a statute of West Virginia known as the "Chain Store Tax Act," imposing a graduated license tax upon "stores," which are defined as including any mercantile establishments "which are owned, operated, maintained and/or controlled by the same person, firm, corporation, copartnership or association." Acts of 1933, c. 36. In a companion case, this Court sustained the constitutional validity of the statute and also decided that gasoline filling stations were stores or mercantile establishments within its purview. *Fox* v. *Standard Oil Co.,* 294 U. S. 87. There remained, in the instant cases, the question whether certain filling stations, particularly described, were stores belonging to, operated or controlled by the complainants, respectively.

On the appeal to this Court in the case of the Gulf Refining Company, it appeared that this question had not been determined by the District Court and, on the reversal of its decree, the cause was remanded to the District Court that it might consider and decide that issue. *Fox* v. *Gulf Refining Co.,* 295 U. S. 75.

The question, in the case of the Gulf Refining Company, related to 568 filling stations operated under particular arrangements with "Authorized Licensed Dealers." These arrangements were evidenced by a lease of the premises from the dealer to the company, a license by the company to the dealer for retail sale of the company's products on the premises, a contract for sales by the company to the dealer, and various receipts for equipment and forms of riders. On considering the terms and effect of these agreements, the District Court, of three judges,

decided that the stations were controlled by the Gulf Refining Company within the meaning of the statute. 11 F. Supp. 425.

In the case of the Ashland Refining Company, the question related to 82 filling stations. The company conceded that by the original leases and agency agreements covering these stations the dealer was made the agent of the company and sold its products on a consignment basis. But the company contended that, before the taxing statute was enacted, the parties had abandoned that arrangement and that the company was selling its products outright to the dealers and was not exercising control over the stations. The modification of the earlier agreements was not in writing, but was shown by a stipulation of facts. The District Court considered the nature and effect of the stated modification and decided that the stations were still operated or controlled by the company within the meaning of the act. 11 F. Supp. 431.

Appeals have been taken directly to this Court. 28 U. S. C. 380. The questions involved are purely state questions with respect to the application of the statute to particular instances in the light of the facts disclosed. On examining the record in each case, we find no sufficient ground for disturbing the rulings of the District Court. The decrees are severally

*Affirmed.*

