**PHILLIPS v. DAVIDSON et al. (three cases).**

**Nos. 4135–4137.**

District Court, E. D. South Carolina.
July 26, 1938.

Murdoch M. Johnson, of Camden, S. C., for plaintiffs.

Herbert & Dial, of Columbia, S. C., and Williams & Stewart, of Lancaster, S. C., for defendants.

MYERS, District Judge.

The above entitled causes, instituted in the Court of Common Pleas for the County of Kershaw, State of South Carolina, were removed to this District by the defendant The Texas Company, on the ground of diversity of citizenship and alleged fraudulent joinder of the defendant John S. Davidson for the purpose of defeating the right of The Texas Company to the jurisdiction of this court. The complaints are identical, each stating personal injuries resulting from the collision of the automobile in which plaintiffs were riding with a truck which, while engaged in the transportation of a load of gasoline to a customer of the Oil Company, and driven by an alleged servant or employee of the defendants, became incapacitated and was left standing on the right-hand side of the highway, protruding three or more feet over the hard-surfaced portion of said highway, obstructing the same. It is alleged that the said truck was incapacitated about four o'clock in the afternoon and was negligently allowed to remain in said position on the said highway, wholly without lights or other warning devices, until after dark when the said collision occurred. It is further alleged that the defendant John S. Davidson, as operator of the distributing plant of the defendant The Texas Company in the city of Camden in said county, knew of the condition and position of the said truck in time to have removed the same from said highway before dark, or to have given warning and protection to travelers upon said highway by providing lights or some sufficient warning of the danger thereof. It is alleged that the said defendant Davidson was the authorized agent, servant and employee of his co-defendant, the said Texas Company, as superintendent of its plant in the city of Camden, charged with the management, supervision and conduct thereof, under its protection and control, and that the careless, negligent, reckless, wilful, wanton and unlawful acts alleged were done and permitted by the said John S. Davidson while acting in the place and scope of his employment.

A traverse to the petition for removal was duly filed, and in the action brought by Sara Belle Phillips a motion was made to remand, on agreement and understanding of counsel that the decision of the court thereon would control as to the other two actions.

The matter having been heard, and the court having duly considered the pleadings, petition, traverse and affidavits, its first consideration is as to the effect of the contract between the defendant The Texas Company and the defendant John S. Davidson, as a result of which The Texas Company asserts that Davidson was an independent contractor, for whose delicts under the law The Texas Company was in no wise responsible. We are immediately confronted with the Circuit Court decision in Gulf Refining Co. v. Brown, 4 Cir., 93 F.2d 870, in which the court had under consideration a contract similar in all its terms, except that the contract there provided for its termination upon ten days' notice, and the contract here under consideration provides for its termination upon five days' notice. There, the court held that the control of the Oil Company was not only over sales and collections, as expressed in the contract, "but in practical effect the control over deliveries, the words of the contract notwithstanding, was equally effective." (Page 874.) The court says:

"It is conceivable, of course, that the business of the master could be divided so that parts thereof would be performed by a servant and other parts by an independent contractor. It is suggested here that the business of delivery of petroleum products under the contract was so separated from other activities that at least as to it the distributor was an independent contractor. An attempt to this end has undoubtedly been made but it is found only in the language of the contract and not in the actual substance of the situation. The distributor was charged with both the sale and delivery of the goods from the tank wagon station; and in the practical operation of the business, sales and deliveries to customers from the wagons were simultaneous. The same employees who made the sales and collected the money from the customers made the deliveries to them. How rigid was the control of the oil company over sales and collections we have already seen; but in practical effect the control over deliveries, the words of the contract notwithstanding, was equally effective. The necessity for assistants to the distributor was inherent in the business; the selection of men resident in the locality and the supervision of their conduct was necessarily reposed in some local representative, so that the actions of the parties would have been substantially the same if the contract had contained no clause conferring upon the distributor full control of the men he employed. The power of the company to put an end to the employment of the distributor at will rendered him at all times and in all respects subservient to its will. The language of the contract referred to must therefore be regarded as a futile attempt to secure the benefits of complete control while repudiating its liabilities. A somewhat similar attempt was held ineffective when a refining company entered into license agreements with numerous dealers and yet retained practical control over the operation of the stations with the result that it was held subject to the taxing provisions of a chain store act. Gulf Refining Co. v. Fox, D.C., 11 F.Supp. 425, affirmed 297 U.S. 381, 56 S.Ct. 510, 80 L.Ed. 731.

"If anything else were needed in the pending case to fix the liability of the oil company, it is found in the fact that the negligent conduct which led to the death of the decedent was performed in the course of a sale of the company's goods, that is to say, in that department of the distributor's activities which were so completely regulated and controlled by the company as to leave no place for an independent contractor."

This opinion was filed January 4, 1938. The non-resident defendant contends, however, that this decision is no longer binding because of the decision of the Supreme Court of the United States in the case of Erie Railroad Company, Petitioner, v. Harry J. Tompkins, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, decided April 25, 1938. This is a tort case, in which the doctrine expressed in Swift v. Tyson, 16 Pet. 1, 18, 10 L.Ed. 865, is refuted as follows (page 822): "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by

its highest court in a decision is not a matter of federal concern. There is no federal general common law. Congress has no power to declare substantive rules of common law applicable in a state whether they be local in their nature or 'general,' be they commercial law or a part of the law of torts. And no clause in the Constitution purports to confer such a power upon the federal courts."

The moving defendant then submits as conclusive support for its position, Sams v. Arthur, 135 S.C. at page 123, 133 S.E. 205. In that case, the defendant Arthur was a distributor under a commission contract for the Gulf Refining Company, and the action is based on a collision between an oil truck belonging to the defendant Arthur and operated and driven by one employed and directed solely by him, with a milk truck of the plaintiff. It was held that the lower court should have directed a verdict in favor of the Oil Company, for the following stated reasons (page 130, 133 S.E. page 208): "Where the agent employs his own servants, and directs their movements, without the slightest interference by the principal, it is manifest that the reason for holding the principal responsible for the delicts of the agent no longer exists, and the principal cannot be held liable for the delicts of a servant of the agent, under the circumstances." Phipps v. Gulf Refining Co., 25 Ga.App. 384, 103 S.E. 472; Gulf Refining Co. v. Harris, 30 Ga.App. 240, 117 S.E. 274; 26 Cyc. 1546.

On the other hand, plaintiffs' counsel submit that if the doctrine of Erie Railroad Co. v. Tompkins is to be applied to this motion, Tate v. Claussen-Lawrence Construction Co., 168 S.C. 481, 167 S.E. 826, modifies the ruling in the Sams Case to the extent of approving the submission to a jury, in a case involving a similar contract, the question of agency, and suggests that, while the written contract may fix the relation of employer and independent contractor in regard to the selling and distribution of the products of the company, that it is, nevertheless, competent to show by other evidence, other contracts and connections between the parties which create in regard thereto the relation of principal and agent. The case of McNeill v. Electric Storage Battery Co., 109 S.C. 326, 327, 96 S.E. 134, quoted with approval in the Tate Case, holds that, even

if a contract provides that the relation of principal and agent should not exist, if contract of agency is shown, it makes no difference by what name the parties call themselves.

It may be said that the approval of the submission by the trial judge of the question of agency in Tate v. Claussen-Lawrence Construction Co., supra, was mainly due to the use by the driver of the truck, in delivering the gasoline, of a funnel and hose which were shown to have been the property of the Refining Company. The court, however, goes on to say (page 829):

"The warehouse from which Dixon operated was rented by the refining company. On it is a sign with these words: 'Distributing Agency, Gulf Refining Company, Kerosene and High Grade Gasoline.' The bills for goods sold from this place of business were made out on billheads of the Gulf Refining Company.

"All these things cited had some probative bearing on the question of the agency of Dixon and made it the duty of the court to submit it to the jury.

"These contracts are artfully drawn with a view to relieve the corporation of any liability of any sort arising from any cause, and they carefully declare that there is no contract of agency between the parties. But that mere declaration does not make the contract something other than agency if a proper construction of its terms shows that the relation is one in fact of principal and agent. * * *

"It may well be doubted if there is not in the contract between the refining company and Dixon intrinsic evidence of a relationship of principal on the part of the refining company and agent on the part of Dixon, and if there is not sufficient difference between this contract and that in Sams v. Arthur, supra, to justify the court in declaring that this case is not controlled by that."

Here the business license was issued by the town of Camden to The Texas Company, the warehouse rented by The Texas Company, and the trucks and uniforms marked with its identifying insignia.

■ I am of the opinion that, under the South Carolina law, the question of agency, under the contract submitted, is one to be decided by the jury, if Gulf Refining Co. v. Brown, supra, is not binding upon this court at this time, in view of the

decision in the Erie Railroad Co. v. Tompkins Case.

[2, 3] There is the further view that, in the Sams Case, the effort was to hold the Oil Company, under the doctrine of respondeat superior, for the negligence of an employee of the distributor, whose employment and performance of service was held to be under the direct supervision and control of the distributor, without supervision or interference on the part of the Oil Company. A similar situation was presented in the Tate Case. In the instant case, the negligence and misconduct alleged is that of the distributor, the added defendant, in failing to provide safeguards against a hazard on the highway caused by the location of his disabled truck, of which hazard so created he was alleged to have had timely notice. Further, whether the question of agency of the added defendant is subject to construction of the law of South Carolina in the two cases cited contrary to the opinion here expressed, or is controlled by the opinion of the Fourth Circuit in the Gulf Refining Co. Case, it is at least a settled principle that, in order to obtain the removal of an action from a State to a Federal court by a non-resident joined with a resident defendant, proof that the joinder was fraudulent must be clear and convincing. See 110 A.L.R. 188. There is no such showing here, and I am of the opinion that the plaintiffs are entitled to a trial on the causes of action stated, in the forum of their choice.

It is therefore ordered that the said causes be and the same are hereby remanded to the Court of Common Pleas for the County of Kershaw, State of South Carolina, for trial.