**J. M. LEE, individually and as Comptroller of the State of Florida, v. M. E. HERNDON.**

10 So. (2nd) 305                                    Division B
October 30, 1942

J. Tom Watson, Attorney General, Lawrence A. Truett, Assistant Attorney General, and Tiffany Turnbull, Special Assistant Attorney General, for appellant.

J. Lewis Hall, Chas. E. Davis and Sam R. Marks, for appellee.

TERRELL, J.:

The appellee as complainant exhibited his bill of complaint in the circuit court praying that J. M. Lee individually and as Comptroller be enjoined from enforcing the provisions of Chapter 20977, Acts of 1941, as to him. Lee moved to dismiss. His motion was overruled and temporary restraining order was granted. The bill of complaint was amended, answer was filed, and on final hearing, decree was entered for the complainant. This appeal was prosecuted.

Chapter 20977, Acts of 1941, defines and imposes a tax on chain stores. The Comptroller proceeded here on the theory that appellee was operating a chain store. If his theory is correct, he would likewise be correct in enforcing payment of the chain store tax. If his theory was wrong, the tax was not enforceable so that is the only question we are called on to resolve.

The applicable part of the 1941 Act is as follows:

". . . a group or chain of two or more stores one, or more of which is located in this State, under the same management, supervision, or ownership, whether such management, ownership or supervision is direct or indirect, and whether immediate or intermediate, or is accomplished through stock ownership in one or more corporations, trusteeships, or by any device whatsoever; Chain store means a store in said group or chain of stores."

In Liggett Co., et al., v. Amos, et al., 104 Fla. 609, 141 So. 153, 288 U. S. 517, this Court defined the characteristics of a chain store to consist in the method of management, group control of store operation, frequent turnover, cooperative advertising, cooperative buying, suitable location, display of goods, training of employees, and the combination of whole-

sale and retail functions under one control. These elements and the statute as quoted afford us a guide by which to determine whether or not appellee owned and was operating a chain store.

The record shows that appellee's store is independently owned and operated by him, that it is the only store he owns or operates, and that it is not under the management direct or indirect of any other person or group of persons. None of these elements is accomplished through stock ownership and in fact we fail to find a single factor that would constitute appellee the owner and operator of a chain store.

Appellant also contends that the presumption arising from Section One, Chapter 20977 is sufficient warrant to exact the chain store tax, the pertinent part being as follows:

". . . All stores using the same name, or trade name, shall be presumed to be 'chain stores'; and the use of the same, or a similar name, shall be prima facie evidence that all such stores are under the same ultimate management, whether operated in this State or not."

It appears that appellee had a contract with Western Auto Supply Company whereby it could use a sign designating his store as "Western Auto Associate Store, home owned by M. E. Herndon, proprietor." It is shown that by other provisions of said contract, appellee purchased a large per cent of its merchandise from Western Auto Supply Company but it is also shown that said contract could be cancelled by either party at any time on sixty days notice and Western Auto Supply Company had nothing whatever to do with the management or control of Herndon's business. The presumption in the quoted provision is a

rebuttable one and the record does so completely in this case.

We have examined Ashland Refining Co. v. Fox, 297 U. S. 381, 56 Sup. Ct. 510, 80 L. Ed. 731; Bedford v. Gamble-Skogmo, Inc., 104 Colo. 424, 91 Pac. (2nd) 475; State v. Gamble-Skogmo, Inc. ...... Idaho ......, 120 Pac. (2nd) 630; relied on by appellant and they are predicated on factual situations different from the case at bar. The contract in these cases provides that the business may be taken over by the wholesaler and is in other respects materially different from the contract in this case.

Affirmed.

BROWN, C. J., CHAPMAN and THOMAS, JJ., concur.