## PYLE v. ELY & WALKER DRY GOODS CO. et al.

No. 12796.

United States Court of Appeals
Fifth Circuit.

Feb. 6, 1950.

Ben F. Cameron, Meridian, Miss., George E. Shaw, Jackson, Miss., Robert E. Perry, Jackson, Miss., for appellant.

George F. Woodliff, Jackson, Miss., William C. Connett IV, St. Louis, Mo., William S. Henley, Jackson, Miss., for appellees.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

PER CURIAM.

The suit was against clients of one John H. Boman, Jr., an attorney at law, for damages alleged to have been caused plaintiff by an unprovoked assault upon him, committed while plaintiff and Boman were engaged in taking depositions, for the taking of which Boman had been employed.

The claim was that though the clients did not employ Boman to make the assault, the assault occurred in the course of employment, and, upon the principle of *respondeat superior,* defendants are liable to plaintiff for the unauthorized assault.

The defense, in addition to a denial of the alleged assault, was that if an assault was committed, it was an independent act of Boman, for which defendants were not in law responsible or liable.

On motion for summary judgment, the district judge, of the opinion that an attorney employed for one specific purpose, is an independent contractor and not an agent for whose acts, of the kind in question here, his clients could be held responsible, sustained the motion and gave judgment for the defendants.

Appellant and appellees are here citing and discussing many cases, appellant seeking to overthrow, appellees to sustain, the trial court's judgment.

Without undertaking to follow the refinements of the discussions as to the circumstances under, and the limits within which the doctrine of *respondeat superior* applies as between client and attorney, it is sufficient to say that upon the facts of this case and the authorities cited in the margin,[1] we are in no doubt that the judgment appealed from was right and that it should be

Affirmed.

---

1. Gulf Refining Co. v. Harris, 30 Ga.App. 240, 117 S.E. 274; DeBord v. Procter & Gamble Distributing Co., 5 Cir., 146 F. 2d 54; Calvert v. Atlanta Hub Co., 37 Ga.App. 295, 139 S.E. 917; Claxton v. Johnson County, 194 Ga. 43, 20 S.E.2d 606; American Law Institute Restatement, "Agency", Sec. 1(d), p. 10, Sec. 250, comment (a), p. 559; Buehman v. Smelker, 50 Ariz. 18, 68 P.2d 946.