### 46299.   MANIS v. GULF OIL CORPORATION.

HALL, Presiding Judge. Defendant in an action on account appeals from the grant of summary judgment to plaintiff on his counterclaim for negligence.

Gulf Oil filed suit against defendant for an unpaid credit card account. Defendant in turn filed a counterclaim, alleging that a diesel truck (for which he was liable to the owner) was negligently damaged by an agent and employee of Gulf at the Big Tex Mid-Continental Truck Stop when it was refueled with ordinary gasoline. Gulf was granted a summary judgment on the counterclaim.

Defendant contends that Gulf neither controverted the allegations of negligence, nor submitted sufficient evidence to pierce the allegations of agency or employment. It is, of course unnecessary for Gulf to controvert the alleged negligent acts if it is not vicariously liable for them. The only issue here is whether the

documentary evidence and affidavits pierced the allegations of agency or employment. The test for determining the relationship is whether Gulf retained the right to control the 'time, manner and method of executing the work of Big Tex. *Gulf Refining Co. v. Harris,* 30 Ga. App. 240 (117 SE 274); *Savannah Electric &c. Co. v. Edenfield,* 118 Ga. App. 531 (164 SE2d 366).

In support of its motion, Gulf offered an affidavit of its district manager stating that Gulf does not in any manner control the mode of operation of Big Tex. The affidavit specifically negated the existence of any rights, responsibilities or actions which courts have held would tend to show control. Gulf also submitted copies of agreements between it and Big Tex which show that Big Tex owns the truck stop premises and that the only agreements between them were for the purchase and sale of petroleum products to be sold at retail under the Gulf trademark and for the furnishing of a Gulf sign for the premises. Defendant offered an affidavit of his truck driver stating that the only signs on the Big Tex premises were Gulf signs, that the only fuels sold there were Gulf products, that the attendant wore a Gulf uniform and that credit for the purchase was extended by Gulf Oil (by way of credit card). Defendant stated in an affidavit that he had been billed by Gulf for 20 gallons of gasoline purchased at Big Tex and has had no business dealings with the truck stop itself.

Gulf's evidence pierced the allegations of actual agency or employment. The burden was then on defendant to produce evidence in support of his allegations in order to create an issue of fact. *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (3) (138 SE2d 580). Defendant offered no facts on the question of control. His only evidence (which is undisputed) is that Big Tex advertised and sold Gulf products and accepted its credit cards.

Defendant seems to be contending that an apparent agency existed because of the prominent Gulf identification with the truck stop. We believe an Oklahoma case has answered this contention: "It is indeed a matter of common knowledge and practice that distinctive colors and trademark signs are displayed at gasoline stations by independent dealers of petroleum

products suppliers. These signs and emblems represent no more than notice to the motorists that a given company's products are being marketed at the station . . . [Cits.]. Neither can we view the dealer's practice of honoring the producer's credit cards as indicative of a master and servant relationship. The use of such cards constitutes a distinct business advantage to the service station operator who is accorded full credit for all purchases made by the card holders." Coe v. Esau, 377 P. 2d 815, 818. See also Shaver v. Bell, 74 N. M. 700 (397 P2d 723); Anno. 83 ALR2d 1293.

Further, in order for estoppel because of apparent agency to operate, there must be a showing that the person relying upon it was misled, acted in reliance on the erroneous belief, and was damaged as a direct result of being misled. *Gulf Refining Co. v. Harris,* 30 Ga. App. 240, supra. There is no showing of that sort here.

Defendant cites only one case in which this court held that there was a jury issue in a service station-oil company relationship. *Edwards v. Gulf Oil Corp.,* 69 Ga. App. 140 (24 SE2d 843). There, however, a lease between the owner of the land and Gulf was in evidence, which provided that Gulf would build and *operate* a filling station on the land. Here, as we said above, all the evidence shows that Gulf was in no way concerned in the operation of the station. See *Nelson v. Sing Oil Co.,* 122 Ga. App. 19 (176 SE2d 227).

The trial court did not err in granting summary judgment on the counterclaim.

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur. Whitman, J., not participating because of illness.*

SUBMITTED JUNE 4, 1971—DECIDED OCTOBER 20, 1971.

*Barnes & Little, Sam F. Little,* for appellant.
*Rogers, Magruder & Hoyt, Karl M. Kothe,* for appellee.