## 47409. WILLIS v. NATIONAL CAR RENTAL SYSTEMS, INC. et al.

HALL, Presiding Judge. In an action for property damages, the plaintiff appeals from the grant of summary judgment for one of the defendants.

1. The motion to dismiss the appeal is denied.

2. Plaintiff alleged that she rented a self-haul trailer at a service station; that an employee there negligently connected the trailer to her automobile so that it became detached and caused certain damage to her automobile; and that the service station was acting as agent for National Car Rental. Both the service station and National were named as defendants.

In support of its motion for summary judgment, National offered affidavits from the service station owner and its own franchise director. The former simply states that National exercises no control whatsoever over the operation and management of the station. The latter affidavit states that the station is "under contract as an independent contractor" and it disclaims a series of rights, responsibilities and actions which would tend to show control of the service station business. In response, the plaintiff submitted a copy of the trailer rental agreement which is a standard form clearly provided by National, prominently featuring its name and emblem, and naming it as lessor.

National relies upon Manis v. Gulf Oil Corp., 124 Ga. App. 638 (185 SE2d 589) to show that its essentially similar affidavits pierced the allegation of agency, either actual or apparent. We see two distinctions, however. In Manis, the written contract between the service station and the oil company was in evidence and showed only a purchase and sale agreement between the parties. Also in Manis, the alleged tortious conduct directly related to one of the primary service station functions (pumping gas) which in turn directly related to the defendant oil company. Here, the denial that National at any time told the station

"how to pump gas, how to make repairs on cars, how to sell petroleum products" etc., does not bear upon the real issue. There is no mention in the affidavits of what specific controls National could have but did not exercise over the trailer-renting sideline. Indeed, we might infer from the form lease that it did control certain terms of the rental agreements. Whether it did or did not exercise a right of control over other aspects of trailer rental (e.g. approved methods of attachment) is simply not in this record. The court therefore erred in granting the motion for summary judgment.

*Judgment reversed. Quillian, J., concurs. Pannell, J., concurs in the judgment.*

ARGUED SEPTEMBER 8, 1972—DECIDED OCTOBER 3, 1972.

*Miles B. Sams,* for appellant.

*Neely, Freeman & Hawkins, Albert H. Parnell,* for appellees.