64348, 64363. RAGSDALE v. HARRIS et al. (two cases).

BANKE, Judge.

The appellants, husband and wife, filed separate suits to recover for personal injuries and loss of consortium allegedly suffered as the result of the husband's being attacked by a dog while on the premises of a service station. Named as defendants were the lessee and operator of the service station, Dewey L. Harris and Harris' lessor, Amoco Oil Company. This appeal is from the grant of Amoco's motion for summary judgment.

Under the terms of the lease agreement, Harris obtained complete possession of the premises in return for a specified monthly cash rental. He purchased all of his inventory for resale except for gasoline, which was sold for Amoco on consignment, and he owned all of the equipment located at the station except for the air compressor, gasoline pumps, and shelving. Harris was obligated to keep the premises in "clean, safe and healthful condition" and was prohibited by the terms of the lease from carrying out any illegal activity or from engaging in any conduct detrimental to the public. Amoco retained the right to inspect the premises at all times for the three specified purposes of determining the gasoline levels in the underground storage tanks, reading the meters on the pumps, and inspecting products "to determine adherence to quality and trademark authorizations." No other right of inspection was set forth in the lease, and Amoco was not obligated to conduct inspections for any

purpose. Paragraph 14 of the lease provides as follows: "None of the provisions of this lease shall be construed as reserving to lessor any right to exercise any control over the business or operations of the lessee conducted upon the leased premises or to direct the manner in which any such business operations shall be conducted, it being understood and agreed that so long as lessee shall use said premises in a lawful manner as herein provided, the entire control and direction of such activities shall be and remain with lessee. It is further understood and agreed that lessee shall have no authority to employ any person as agents or employees for or on behalf of lessor for any purpose, and that neither lessee nor any other persons performing any duties or engaging in any work at the request of lessee upon the leased premises shall be deemed to be employees or agents of lessor."

On appeal, the appellants contend that notwithstanding the provisions of the lease, Amoco acquired a duty to maintain the premises in a safe condition by conducting advertising campaigns to solicit the public's trust and confidence in its affiliates and by allowing Harris to use its signs and logos to identify the business as an Amoco service station. *Held:*

Where a landlord parts fully with possession and right of possession of the premises, it cannot be held liable to third persons for damages resulting from the negligent or illegal use of the premises by its tenant. See Code § 61-112; *Powell v. United Oil Corp.,* 160 Ga. App. 810 (287 SE2d 667) (1982). The lease agreement between Harris and Amoco placed no obligation on Amoco to inspect the premises for dangerous conditions, and the undisputed evidence of record refutes any allegation that Amoco undertook such a responsibility. With regard to the contention that Amoco acquired such a duty as the result of its advertising campaigns and the use of its signs and logos, we quote from *Manis v. Gulf Oil Corp.,* 124 Ga. App. 638, 639-640 (185 SE2d 589) (1971), as follows: " 'It is indeed a matter of common knowledge and practice that distinctive colors and trademark signs are displayed at gasoline stations by independent dealers of petroleum products suppliers. These signs and emblems represent no more than notice to the motorists that a given company's products are being marketed at the station . . . [Cits.]' "

In this case, as in *Manis,* the appellee has negated the existence of any rights, responsibilities, or actions on its part which would tend to show that it controlled the operation of the service station, and the injured appellant has made no showing that he was induced to come upon the premises of the station because of any representation made to him by the appellee. The fact that the lessee was obligated under the terms of the lease to maintain the premises in a safe condition cannot be held to have placed any duty upon the lessor to monitor the

lessee's compliance. On the contrary, this provision reinforces Amoco's contention that the duty of maintaining the premises in a safe condition was on the lessee. Accord, *Powell v. United Oil Corp.,* supra. Cf. *Fidelity & Cas. Co. v. Windham,* 209 Ga. 592 (74 SE2d 835) (1953). The trial court did not err in granting Amoco's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JULY 8, 1982.

*E. Lamar Gammage, Jr., George E. Mundy,* for appellants.

*Alan F. Herman, Wayne Grant, Frank C. Bedlinger III,* for appellees.