**Brenda Joyce LEACH, Plaintiff,**

v.

**BRILAD OIL CO., Warren Braswell and Dianne Braswell, d/b/a Braswell's Shell Station, Defendants.**

Civ. A. No. 490–201.

United States District Court, S.D. Georgia, Savannah Division.

Jan. 7, 1991.

R. Lars Anderson, Benjamin M. Garland and Philip T. Raymond, III, Macon, Ga., for plaintiff.

David R. Smith, Savannah, Ga., Charles W. Cook, Vidalia, Ga., for defendants.

## ORDER

ALAIMO, District Judge.

In this diversity action, plaintiff seeks to recover under O.C.G.A. § 51–1–18(a) (Supp. 1990) for injuries incurred when her minor son, John Reese, purchased beer from Warren and Dianne Braswell, got drunk and fell out of a pick-up truck. Plaintiff contends that the Braswells are agents of Brilad Oil Company ("Brilad") and that, under the doctrine of *respondeat superior*, Brilad is responsible for the injuries stemming from the sale of intoxicating beverages to her son. This case is currently before the Court on Brilad's summary judgment motion. Because there is no evidence of an agency relationship between Brilad and the Braswells, Brilad's motion for summary judgment must be granted.

## FACTS

On July 9, 1988, 17–year–old David Reese bought a 12–pack of beer from Warren and Dianne Braswell at the Braswell Shell Station in Truetlen County, Georgia. After buying the beer, Reese returned to a pick-up truck driven by his friend, Joseph Peebles. Reese, Peebles and two of their friends began driving around. As they traveled, Reese drank from 6 to 8 cans of beer and became noticeably intoxicated. At some point during the trip, Reese climbed out of the cab of the truck and onto the truck bed. The truck hit a bump in the road, and Reese fell out of the truck. As a result of the fall, Reese suffered severe neurological damage. According to plaintiff, he is confined to a wheelchair and is barely capable of communicating with others.

Plaintiff filed this action under O.C.G.A. § 51–1–18(a) seeking to recover her damages resulting from the sale of beer to her minor son. That section states:

> The custodial parent or parents shall have a right of action against any person who shall sell or furnish alcoholic beverages to that parent's underage child for the child's use without the permission of the child's parent.

O.C.G.A. § 51–1–18(a) (Supp.1990).

The complaint seeks recovery against Brilad based solely on the contention that the Braswells are agents of Brilad such that their action in selling beer to a minor renders Brilad liable on a theory of *respondeat superior*. Brilad denies the existence of an agency relationship and contends that the only relations it has with the Braswells are that of vendor/vendee and lessor/lessee.[1] The crucial issue raised in this motion is whether an agency relationship exists. Therefore, the Court must carefully analyze the dealings between Brilad and the Braswells.

The Braswells are the operators of Braswell Shell, a service station and convenience store. Brilad owns the building and real property upon which Braswell Shell is operated. In April of 1985, the Braswells leased the building and land from Brilad. The lease runs until cancelled by either party with 30 days' notice. The lease specifies that the Braswells are independent operators. Other than a consignment agreement for the sale of gasoline and diesel fuel, Brilad has no involvement with the sale of any products at Braswell Shell.

---

1. Because the Court finds that no agency relationship exists, it is unnecessary to examine the other grounds asserted by Brilad in favor of its motion for summary judgment.

Brilad has no authority to direct the Braswells or their employees as to what products could be sold from the convenience store, nor could Brilad direct how or to whom such products could be sold. Brilad receives no commission or other financial benefit as a result of the sale of any products from Braswell Shell, other than the gasoline and diesel fuel it consigns there. Although Brilad is allowed to enter the property for the purpose of taking inventory of the consigned gasoline, it has no control over any of the station's employees. Finally, the lease contains a clause in which the Braswells agree to keep the premises open for business at least 14 hours a day, although Brilad has no control over the specific hours of operation.

With these undisputed facts in mind, it is clear that, as a matter of law, the Braswells are not agents of Brilad; therefore, summary judgment must be granted in favor of Brilad.

DISCUSSION

Summary judgment is appropriate when the pleadings, depositions and affidavits submitted by the parties show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). When a motion for summary judgment is properly supported, the nonmovant cannot rely solely on the allegations in his pleadings. Rather, to avoid an adverse judgment, the nonmovant must offer significant probative evidence to support his complaint. *First Nat'l Bank v. Cities Services Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

The existence of an agency relationship is sometimes a disputed question of fact to be submitted to the jury. *Turner Broadcasting System, Inc. v. Europe Craft Imports, Inc.*, 186 Ga.App. 286, 367 S.E.2d 99 (1988). However, in cases where a plaintiff seeks to hold a parent oil company liable for the torts of an individual station operator, summary judgment in favor of the oil company is proper when the plaintiff has proffered no valid evidence tending to establish an agency relationship. *Pitts v. Ivester*, 171 Ga.App. 312, 320 S.E.2d 226 (1984) (summary judgment in favor of oil company on issue of agency); *Ragsdale v. Harris*, 162 Ga.App. 888, 293 S.E.2d 475 (1982) (summary judgment in favor of oil company on issue of agency); *Manis v. Gulf Oil Corp.*, 124 Ga.App. 638, 185 S.E.2d 589 (1971) (summary judgment in favor of oil company on issue of agency). But cf., *Edwards v. Gulf Oil Corp.*, 69 Ga.App. 140, 24 S.E.2d 843 (1943) (non-suit improperly granted in favor of oil company on agency issue when plaintiff submits evidence that oil company controls details of daily operation of station). In the present case, plaintiff has not offered any evidence that would establish the requisite control which is the hallmark of any agency relationship.

As both parties point out, there are several cases in Georgia which have specifically considered the question of whether an oil company may be held liable on an agency theory for the wrongful actions of a service station operator. The standard for determining whether an agency relationship exists is whether the oil company retained the right to control the time, manner and method of executing the work of the individual station. *Manis*, 124 Ga.App. at 639, 185 S.E.2d 589.

The case of *Ragsdale v. Harris*, 162 Ga.App. 888, 293 S.E.2d 475 (1982), involved facts similar to those in the present case. In *Ragsdale*, Amoco Oil Company owned the station and leased it to the operator. The operator sold Amoco's gas and oil on consignment. The lease gave Amoco the right to inspect and supply its fuel products. The lease also required the operator to keep the premises in "a clean, safe and healthful condition" and prohibited the operator from engaging in any illegal activity on the premises. The plaintiff sued Amoco

for injuries sustained when a dog attacked him at the service station. The court held that, because Amoco had parted with possession of the leased premises, it "cannot be held liable to third persons for damages resulting from the negligent or illegal use of the premises by its tenant." *Id.* at 889, 293 S.E.2d 475. The fact that Amoco specified that the operator must maintain the premises in a safe condition was simply not a sufficient showing of control. Amoco had neither the duty nor the ability to monitor the day-to-day operation of the station. Accordingly, the court granted summary judgment to Amoco. *Accord, Pitts,* 171 Ga.App. at 314, 320 S.E.2d 226 (based on similar contractual provisions, summary judgment in favor of Exxon Oil when station operator fires gun at customer).

Similar to the oil company in *Ragsdale,* Brilad has parted with possession of the leased premises. Moreover, Brilad, like Amoco, has no control over the time, manner and method of operating the convenience store. The *Ragsdale* court rejected the argument that, by requiring its tenant to keep the premises clean and safe, Amoco became an employer of the station operator instead of simply a landlord and vendor. Presumably the plaintiff had argued that such a clause was sufficient evidence of Amoco's ability to control the method or manner of operating the station. The plaintiff in the present case points to the clause in the lease requiring the Braswells to keep the store open for at least 14 hours a day. According to the plaintiff, that clause propels the relationship out of the realm of landlord/tenant or consignor/consignee and transforms Brilad into a principal and the Braswells into agents. Like the clause in the *Ragsdale* case, however, it simply does not evince sufficient control over the operation of the station. Brilad cannot dictate during which 14 hours the Braswells will operate. Brilad cannot dictate whether those 14 hours are to run consecutively. Brilad cannot dictate whether the Braswells will operate for more than 14 hours a day. Brilad cannot dictate who will work during those 14 or more hours. Brilad cannot control what—other than gas products—will be sold, at what price or by whom during those 14 or more hours. More specifically, Brilad cannot control whether or not to sell alcohol on the premises. Brilad cannot dictate when to sell alcohol. Brilad cannot even dictate a procedure to safeguard against selling alcoholic beverages to minors. In summary, Brilad simply cannot control the operation of the convenience store. Brilad is not a principal and the Braswells are not agents.

Plaintiff has cited only one case where an oil company defendant failed to prevail on summary judgment. However, the facts in *Edwards* are readily distinguishable from those in the present case. In *Edwards,* Gulf Oil Company leased the service station property from an individual. The lease specifically required Gulf to maintain and *operate* a service station on the premises. Gulf hired and could, at any time, fire a service station attendant. Under Gulf's direction, the attendant placed tar on the station's driveway. A child was injured when he fell upon the tar. Because Gulf had a contractual duty to preside over the day-to-day operations of the station and retained significant control over the actions of the attendant, the Court found that the plaintiff had presented sufficient evidence that an agency relationship existed between Gulf and the attendant. The present case stands in sharp contrast to *Edwards.* Absent is the contractual duty to operate the station. In its stead is a "hands off" policy where Brilad would only enter the premises to inspect and deliver the only products it was concerned with—gas and oil. Brilad could make no hiring decisions; Brilad could make no firing decisions. Other than the consigned gas and oil, Brilad had absolutely no control over what kind of products the station sold, nor could Brilad dictate at what price, in what manner or to whom those products could be sold. The lease agreement, as well as the conduct of the parties, show that Brilad was the Braswells' landlord and their vendor of gas, nothing more.

CONCLUSION

Plaintiff has offered no evidence which would establish an agency relationship be-

tween the Braswells and Brilad. Although it is clear that David Reese has been seriously injured, it is likewise clear that Brilad is not responsible for any ensuing injuries to either Reese or his mother. Selling gas and leasing land simply do not establish the level of control necessary to reach the jury on the issue of agency. Accordingly, Brilad's motion for summary judgment is GRANTED. The Clerk of the Court is directed to enter an appropriate judgment.

SO ORDERED.